Grant Charles Rhodes CDC#V-60392
FULL NAME

COMMITTED NAME (if different)
La Palma Correctional Center.
FULL ADDRESS INCLUDING NAME OF INSTITUTION
5501. N. la Palma Rd Eloy AZ 85131
V- 60392
PRISON NUMBER (if applicable)

Related DDJ

FILED
CLERK U.S DISTRICT COURT

MAR 23 2016

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Grant Charles Rhodes

PLAINTIFF,

v.

Susan Pochter Stone, Greg Irvine, Kevin Dresher,
Brian Silva, Rob Davidson, Lisa PFEIFFER, John Vogel
Ann Chung, Michael Crone, Dillan Alvarez  DEFENDANT(S).
Ventura Superior Court

CASE NUMBER **CV16 -01989 PSG (PJW)**

*To be supplied by the Clerk*

### CIVIL RIGHTS COMPLAINT
### PURSUANT TO *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner:  ☑ Yes   ☐ No

2.  If your answer to "1." is yes, how many?  _2_

Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

I was Granted medical care on habeas Corpus, for my dissiability
The Specialty service failed to Procure the Correct Court ordered Prosthetic
Device for my dissiability and I was in Pain



RECEIVED
CLERK, U.S. DISTRICT COURT

MAR 21 2016

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY



---

CIVIL RIGHTS COMPLAINT

Page 1 of 6

CV-66 (7/97)

a. Parties to this previous lawsuit:
Plaintiff _Grant Charles Rhodes_

Defendants _Catherine lynch (GRN II)_

b. Court _United States District Court Southern District of California_

c. Docket or case number _12 CV-0075-JIS (DHB_

d. Name of judge to whom case was assigned _David H. Bartick_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Pending_

f. Issues raised: _Denied Court ordered medical care_

g. Approximate date of filing lawsuit: _2013_

h. Approximate date of disposition _Unknown_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes  ☑No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☐ Yes  ☑No

   If your answer is no, explain why not ____

3. Is the grievance procedure completed? ☐ Yes  ☐ No

   If your answer is no, explain why not _N/A_

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Grant Charles Rhodes_
(print plaintiff's name)

who presently resides at _5501. N. la Palma Rd. Eloy AZ 85131    (L.P.C.C.)_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at
_Ventura County_
(institution/city where violation occurred)

2. Second lawsuit

Corrections Corporation of America Appeals Coordinator did Violate CDCR Policy Opening Inmate population Confidential legal mail outside presence of inmate's.

a. Parties to this lawsuit previous:

Plaintiff  Grant Charles Rhodes

Defendants Ruth Williams

b. Court

The United States District Court for District of Arizona

C. Case No  CV-16-00238-PHX-SRB (JFM)

D. District court Judge Susan R. Bolton Magistrate Judge James Metcalf (crs)

E. Disposition

Pending

F. Issue Raised

Appeals Coordinator is Documented as Violating CDCR Policy Opening Confidential legal mail, a right upon which is a prerogative gaurenteed by law

G. date filed lawsuit: 25th day of January, 2016

H. date of Disposition unknown

on (date or dates) _Present Impediments_ , _Present impediments_ , _Present impediments_ .
(Claim I)            (Claim II)            (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant    Kevin Dresher _____ resides or works at
(full name of first defendant)
800 S. Victoria Ave. Suite 314 _____
(full address of first defendant)
District Attorney _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
Withholding Exculpatory Evidence when requested in Pre-Trial Discovery, Bills, damages
and Date of Exchange Itimized list of Evidence with CDA Farley for Ineffective Counsel Claim.

2. Defendant    Susan Pochter Stone _____ resides or works at
(full name of first defendant)
P.O. Box 90176 Santa Barbara CA 93190-0716 _____
(full address of first defendant)
Santa Barbara, CA 93190-0716 Appellate Attorney _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
Ineffective Counsel failing to investigate Prevented access to Present
Exculpatory evidence to Court in timely manner.

3. Defendant    Rob Davidson _____ resides or works at
(full name of first defendant)
800 S. Victoria Ave. Ventura CA 93009 _____
(full address of first defendant)
Captian _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
failing to Provide Freedom of information Act Public Documents

---

4. Defendant __lisa PFEIFFER__ _____ resides or works at
(full name of first defendant)
__800 S. Victoria Ave. Ventura CA 93009__
(full address of first defendant)
__Dispatch Officer Ventura County Sherriffs Department__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
__Impediment Restricted Party, Expert Testimony necessary__
__to Gain Access to Court__

5. Defendant __John Vogel__ _____ resides or works at
(full name of first defendant)
__800 S. Victoria Ave. Ventura CA 93009__
(full address of first defendant)
__(cif) Dispatch Officer Ventura County Sherriffs Department__
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
__Impediment Restricted Party, Expert testimony necessary to gain__
__Access to Court__

on (date or dates) _Present impediments_ , _Present impediments_ , _Present impediments_ .
(Claim I)        (Claim II)        (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Ann Chung_ resides or works at
(full name of first defendant)
_800 S. Victoria Ave 93009_
(full address of first defendant)
_Dispatch Officer Ventura County Sherriffs Department_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_Impediment Restricted Party, Expert testimony necessary to Gain_
_Access to Court._

2. Defendant _Michael Crone_ resides or works at
(full name of first defendant)
_800 S Victoria Ave 93009_
(full address of first defendant)
_Ventura County Sheriff_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_Impediment restricted party, necessary testimony to Gain Access to_
_Court_

3. Defendant _Dillan Alvarez_ resides or works at
(full name of first defendant)
_800 S. Victoria Ave 93009_
(full address of first defendant)
_Ventura County Sheriff_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_Impediment restricted Party, necessary testimony to Gain Access to_
_Court_

4. Defendant **Greg Irvine** resides or works at
(full name of first defendant)
**Greg Irvine Investigations 1280 S. Victoria Ave, Suite 125**
(full address of first defendant)
**Private Investigator**
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☑ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
**Witholding Exculpatory Evidence from Court Proffessional Negligence Obstruction of Justice Denying Access to Court.**

5. Defendant **Ventura Superior Court** resides or works at
(full name of first defendant)
**P.O. Box 6489 Ventura CA 93006**
(full address of first defendant)
**Ventura Superior Court**
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
**Destruction of Exculpatory Evidence Property without Notice, Denial of Assistance of Counsel and Refusal of Access to Court**

---

**CIVIL RIGHTS COMPLAINT**

4.  Defendant ___Brian Silva_____ resides or works at
    <span>(full name of first defendant)</span>

    ___800 S. Victoria Ave Ventura CA 93009_____
    <span>(full address of first defendant)</span>

    ___Major Crimes Detective Ventura County Sherriffs Department___
    <span>(defendant's position and title, if any)</span>

The defendant is sued in his/her (Check one or both): ☐ individual   ☑ official capacity.

Explain how this defendant was acting under color of law:
___Professional Negligence Denying Access to Court Was Notified___
___But failed to Do his Job Photograph measure report, schematics etc.___

5.  Defendant _____ resides or works at

    _____
    <span>(full name of first defendant)</span>

    _____
    <span>(full address of first defendant)</span>

    _____
    <span>(defendant's position and title, if any)</span>

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____
_____

# STATEMENT OF THE FACTS

I am forced to ask this Honorable Court to safeguard my rights and remove several state-imposed impediments caused by government agencies that are preventing me from obtaining and presenting exculpatory evidence and information that will gain me access to the courts. This legal 1983 instrument will be effective in producing relevant information being withheld by government agencies and will allow me to proceed in the state court by allowing me to demonstrate ineffective assistance of counsel and obstructions and impediments preventing me from accessing the State Court. I will be able to acquire most of the information through the limited appointment of counsel, which will be able to obtain files and records and remove the impediments. I will be able to obtain specific material, documentary and expert testimonial evidence from Governmental Employees upon which I have no ability to communicate with because of these state impediments; requests for answers, admissions and interrogatories will remove this impediment and will require the Lower Court to give me access to court to present the new evidence that this claim will obtain.

Claim 1

The Following Civil right has been violated:

**State imposed impediment By the District Attorney office denial of access to files necessary to demonstrate ineffective assistance of counsel claim, and review of complete file for exculpatory evidence.**

On 11/23/ 2015 I requested D.A. Kevin Dresher produce the district attorneys files and Discovery, itemized and listed. In addition to the date of exchange of Discovery between CDA Farley trial attorney and defense and defense counsel. As well as any evidence provided, for vehicle damages or request for payment compensation by Mr. Crawford. The D.A. witness Mr. Crawford testified his claim was settled by my full coverage insurance. My Defense counsel asked him if he got ripped off by insurance; I was fined restitution with no evidence of damages submitted or exists. This is necessary to demonstrate from the bottom up my defense counsels ineffectiveness has caused errors in judgment. I require assistance of counsel to access these files. December 11 2015 D.A. Dresher failed to furnish the discovery and requested itemized documents, in addition to informing me that my trial counsel was deceased. January 25, 2016 Ventura superior Court Denied Me Appointment of Counsel to access the files and remove other impediments. **(See exhibit A)**

Claim 2

The following civil right has been violated:

**Ineffective assistance of counsel failing to investigate has denied access to court to present potential exculpatory evidence to the trial court in a timely manner.**

December 17, 2015 my appellate attorney asked me if I wanted my paper file, Attorney Susan P. Stone forwarded letters, notes, etc.; but not my trial attorney's case file. (I will request judicial notice of filed state action against this appellate attorney for violating my due process and giving my case file away without my consent, Santa Barbara Superior Court Case No. 16CV00709).

June 21 2005 my trial attorney James Farley said he would forward her his entire case file for her enlightenment, as well as informing her I "got hosed". To this day trial and appellate counsel have withheld the case file from me.

June 12, 2005 my mother Christeen Rhodes forwarded dispatch records and informed Attorney Susan P. Stone Officer Crone Called Code-3 Backup and lied on his police reports. My mother conveyed this as perjury when it is in fact potential exculpatory evidence.

I am not asking this court to make any finding of fact on exculpatory evidence. I am suing Susan P. Stone appellate counsel because she was negligent and ineffective in investigating and thereby denied access to the court to present potential exculpatory evidence to the court in a timely manner.

February 2, 2016 Susan P. Stone refused to write a declaration based on her ineffectiveness. She states her review of her notes of police dispatch record do not support your conclusions that Officer Crone Called Code-3.

2

Her Notes Excerpt:

"but my reading of the report shows that the call for Backup could have been made by Officer Alvarez at 12:44:57 and in fact it is Alvarez name which shows on the dispatch at 12:41:30 she may have been confused by the numbering next to the "Code 3 Baup" but that number does not refer to Crone, whose number is evidently 3346.

This is a grave error Attorney Susan P. Stone cast this off as not important NI with a circle around it. This misconception will be corrected by expert witnesses. 8B11 is Officer Crone Badge number 3346; who is listed as calling code 3 Backup. In addition to identifying his radio frequency signature on page one of the dispatch report, and listed as 8B11 primary unit as well. When officer crone Badge #3346 keys his mike 8B11 automatically pops up like a caller ID with the time stamp. In our day of scientific technology this will be verified by the dispatch officers as accurate evidence once the state imposed impediments are removed.

Susan P. Stone further articulates in her February 2, 2016 how she believes this is not important.

Excerpt:

"Even if Crone (as opposed to Alvarez) did make the call, the report does not undermine Officer Crone's testimony that you were raising the gun when he entered the patio. Such evidence is necessary because a habeas petition has to show that trial counsels error was reasonably probable the outcome would have been different.

Appellate counsel Susan P. Stone made findings The Trial Court is required to make at an evidentiary hearing and her ineffective assistance of counsel prevented me from accessing the court and presenting potential exculpatory evidence.

## <u>For instance demonstrating why trial court could make a finding to vacate judgment:</u>

An officer carries a firearm on his right side and radio on his left side opposite of his gun belt, or his radio is located on his right shoulder, so the officer could draw his service revolver with his right hand

3

and have access to radio with his left hand during an incident. This is standard protocol placement for radio and firearm for every officer.

Exculpatory value comes in here: when I prove officer crone called (CODE #3) by his frequency ID on the dispatch as 8B11 calling code 3 back up. This impeaches officer Crones testimony and police reports that he bear hugged me with both arms chest to chest to prevent me raising a firearm at him, struggling until he heard his partner call the (code 3) when he still had both arms around me. Think about it when I have expert police officers testify officer Crone (8B11) called (Code#3) I prove officer crone used his left arm to grab his radio either on his shoulder or belt: the exculpatory value for the trial court to weigh is he could not of been bear hugging an assailant who was raising a gun with his right hand, and call (Code #3). Officer crones left arm has to operate the radio to call (Code#3) and it also impeaches his testimony of the struggle with both arms around me. How could the officer of had me in a bear hug with both arms around me from the time of the alleged assault until he heard his partner call (Code #3) when he had both arms around me. This evidence and expert testimony reveals officer crone could not have had both arms around me preventing an assault because he operated his radio with his left hand.

Susan P. Stone denied my access to court to present this claim by her negligence believing that it is not important. She never informed me of this evidence in the case file or her failure to investigate the potential exculpatory evidence. As aforementioned she discarded my case file without my authorization and I have a state court action on her upon which I will provide the case number at a later date for judicial notice.

My claim should not be barred from being heard based on merit of expert testimony and documentary evidence contained in government files, evidence withheld from the trial court. Appellate

counsel Susan P. Stone negligence and legal malpractice in failing to investigate prevented the matter

from being heard and addressed in a timely manner and fashion concomitantly with direct appeal.

**(See supporting Documents Exhibit B)**

5

Claim 3

The Following Civil right has been violated:

**State imposed impediment, Access to police dispatch Manuel and expert witness police dispatchers**

On November 23, 2015 I asked Captain Rob Davidson to produce Public record Police dispatch

Manuel. I am aware there is a police dispatch operations Manuel, with the following policy information:

1. Documentation officer must ID his radio frequency and his badge # when on call

2. Documentation that the time stamp, dispatch operator number, officer who keys his radio any
   documentation that the radio frequency is automatically entered not manually, or subject to
   human error.

I am aware Dispatch officers Ann Chung, & John Vogel (CIT) and Lisa Pfeiffer were working police

dispatch January 18, 2004. My trial counsel only visited me in June of 2004 to discuss the case. The

dispatch records were printed July 19, 2004. The date is unbeknownst to me at what time the district

attorney furnished this discovery containing the dispatch reports furnishing potential exculpatory

records. I am incarcerated and have no direct access to these expert witnesses police dispatch officers

who have New Evidence reliable testimony and information that Officer Crone in fact called (code #3).

This is the only legal instrument to remove the state imposed impediment obtain expert testimony from

restricted government employees expert witnesses.

This is necessary to regain access to the trial court once I obtain new Evidence and New

Testimony. My Interrogatories, requests for admissions and answers to Expert Witnesses Police Dispatch

Officers Ann Chung, John Vogel (CIT) and Lisa Pfeiffer will consist of when officer Crone ID his Badge #

<3346> at 7:02:24 Jan 18, 2004 by Ann Chung, John Vogel (CIT) as (8B11) and clearly stated his badge

number<3346> and his frequency of his radio was automatically recorded as (8B11). They will admit this

6

time stamp and frequency of the radio is like a caller ID and automatically recorded when an officer Keys his radio.

In our day of technology this is relevant testimony from restricted parties and expert witnesses.

Lisa Pfeiffer CR03 listed a (Code #3) BAUP at 12:44:57 Jan 18, 2004 I require her expert testimony that the call came in from 8B11 which is officer Crone badge id <3346> and the (8B11) is automatically entered as the officer using that frequency.

Officer Crone frequency (8B11) was Id early in the morning, (called code 3) in the afternoon 12:44:57 on January 18, 2004, then drove me to VCMC at 12:56:51 Jan 18, 2004 and booked me into the county Jail under the same frequency that he is ID for the day as (8B11).

I require the expert testimony from restricted parties expert Police dispatch officers from the Ventura County Sheriff's Department. Dispatch Officers Lisa Pfeiffer, Ann Chung and John Vogel (CIT) to verify officer Crone badge # <3346> frequency ID for Jan 18, 2004 was (8B11) and this officer did in fact Call Code #3 at 12:44:57, and that this frequency is like a caller ID and automatically entered.

This will allow me to remove the state imposed impediments obtain New Evidence and Expert Witness Testimony to be submitted in the Trial Court as New Evidence.

(**See exhibit C**)`

Claim 4

The Following Civil right has been violated:

**STATE IMPOSED IMPEDIMENT DESTRUCTION OF EXCULPATORY EVIDENCE TRIAL EXHIBITS WITHOUT NOTICE, ACESS TO COURT.**

Supreme Court of California Granted Judicial Notice I was not furnished trial exhibits as part of the standard appellate record, when they denied petition for review on second appeal. In essence I did not have the benefit of a meaningful appeal with effective counsel researching records and marshalling arguments on my behalf.

I was convicted of Assault with a firearm; a level ground reenactment with my counsel, his investigator, and Officer Crone all depicting me as being 2 ½ feet behind patio wall as the officer stepped onto the patio. There is a 14 inch tall planter 20 inches from the patio door. Defense counsel had Officer Crone mark the defense exhibit Trial exhibit J as the defendant standing on this planter. The Defense exhibit J only shows the top of the planter; the trier of fact viewed the officer's marks on this exhibit, but the trier of fact was unaware that the officer's marks and testimony placed the defendant as standing on top of a 14 inch tall planter. The level ground reenactment is not possible based on the evidence hidden in the exhibits and the trier of fact was not aware of this evidence when rendering his verdict. The trier of fact stated he believed Officer Crones version of events with the defendant 2 ½ feet behind the wall and officer crone bear hugged the defendant chest to chest, preventing the raising of a gun. Since Jackson V. Virginia if no reasonable trier of fact could have found the defendant guilty, it is paramount the 14inch tall planter20 inches from the patio door 4foot by 6 foot wide must be introduced, because the officer on the patio bear hugging the defendant standing on a 14 inch tall planter it is impossible for these individuals to be chest to chest as the trier of fact articulated rendering his verdict. This evidence is required to be introduced in the trial court at an evidentiary hearing.

8

I requested in three motions the enlargement of this police, prosecution, and defense evidence potential exculpatory evidence   contained in the trial exhibits. I offered to pay for this enlargement of evidence exhibits, so I would have sufficient demonstration of the evidence to demonstrate the veracity of my claim. The trier of fact stated to have the reviewing court take judicial notice of the original items in evidence, if this exhibit was needed for any planned writ of habeas corpus.

Within 30 days of the last motion to enlarge the defense exhibits, this evidence was allegedly proposed to be destroyed 4/08/2009. I never received the by law notice of the destruction of evidence I was seeking for use in a writ of habeas corpus. I would have picked up my property "defense exhibit with police and Prosecution evidence on it."

On 12/23/2015 the facility I was at produced legal log showing I never received notice of the proposed destruction of exhibits by Ventura Superior Court.

There is a way to obtain sufficient evidence and remove state imposed impediments, and gain access to Ventura Superior Court to demonstrate this evidence that was destroyed in a clear and convincing manner in the following grounds sufficient new evidence can be produced that will gain access to the state courts. In addition to appointed counsel being able to resubmit at an evidentiary hearing copies of the trial exhibits the court destroyed without notice so the court and officer can verify the marks officer crone made actually place the defendant on an elevated 14 inch tall planter, thereby impeaching the level ground reenactment of an assault with a firearm and the chest to chest bear hug.

I am unfamiliar with the procedure to re-submit evidence unlawfully destroyed and gain access to the courts.

**(See supporting documents exhibits D)**

Claim 5

The Following Civil right has been violated:

**STATE IMPOSED IMPEDIMENT BY VENTURA SHERIFFS DEPARTMENT PREVENTING ME FROM**

**DEMONSTRATING OBSTRUCTION OF JUSTICE, DENIED ACESS TO COURT BY DEFENSE INVESTIGATOR**

On 11/23/2015 I requested Ventura County Sheriff's Department under freedom of information and Sunshine Laws attorney and investigator visiting logs. This state imposed impediment has not been removed. I was denied this request on 12/ 7/ 2015.

This evidence is necessary former accused rapist, former Ventura County Sheriff's Department Detective; alleged defense investigator Greg Irvine was acting as defense counsel investigator in trial Sept 3, 2004. He assisted trial counsel CDA Farley, Officer Crone in a level ground reenactment of an assault 2-3 feet behind the patio wall. Greg Irvine did not investigate before trial.

My Trial Counsel likely ordered Greg Irvine to photograph patio during the three day break in trial Sept 6, 2004 days after Greg Irvine participated in a level ground reenactment of an assault with a firearm. Greg Irvine is a former Ventura County Sheriff's Detective, and a trial participant in a level ground reenactment. This former Ventura Sheriff's detective knows what material evidence would be useful for my defense and how to photograph a "Crime Scene", in addition to the fact the 14 inch tall Planter was not introduced as evidence or reenacted by him my CDA Farley and officer Crone Days prior. He failed to take proper measurements and photographs and obstructed my access to the court to present a meaningful defense based on material evidence "Crime Scene."

This former detective Deliberately Obstructed View of this 14 inch tall Planter Placing a Plant leaf in the way of the photograph that later became (defense trial exhibit K). This deliberate obstruction

of evidence from my defense counsel and the court has denied my access to court and a solid defense based on tangible evidence the "Crime Scene".

On remand second appeal CDA Farley had an attorney visit, I discussed this planter had exculpatory value and was never introduced or reenacted in trial. He then sent his former accused rapist former Ventura County Sheriff's detective out to visit to discuss this planter. I Informed Greg Irvine during this visit how the planter Undermines all the evidence of assault with a fire arm. Greg Irvine Continued to obstruct the production of this evidence and his testimony about these facts he has firsthand knowledge of not only as a trial participant but actually viewing the planter and the evidence behind his sloppy picture. Greg Irvine must Restore my name through his testimony he deliberately obstructed this evidence from the court and my counsel, and his Credentials as a Former Sheriff's detective he knows how to properly measure and photograph all relevant evidence at a "Crime Scene."

Dec 7, 2015 Captain Rob Davidson refused to furnish attorney and investigator visiting records under the freedom of information act, this is necessary to demonstrate Greg Irvine's deliberate actions to obstruct this evidence from The Trial Court and My now deceased Defense Counsel.

**(Supporting Documents Exhibit E)**

Claim 6

The Following Civil right has been violated:

**STATE IMPOSED IMPEDIMENT, MAJOR CRIMES DETECTIVE VENTURA COUNTY SHERIFFS DEPARTMENT DENIED ACESS TO COURT BY FAILING TO FOLLOW MAJOR CRIMES PROTOCOL.**

Since Ventura Superior court Destroyed defense exhibits Pictures of the "Crime Scene". There is a way to remedy this easily and effectively and gain access to the court.

January 18, 2004 Major Crime's detective Brian Silva was notified of an alleged assault but failed to respond. Since Ventura County Sheriff's Department Failed to follow protocol because of this officer's negligence and malpractice failing to Measure Mark and photograph "Crime Scene" of an alleged major crime as required by policy. Had this detective followed protocol and done his job the district attorney may not have prosecuted had there been Photos of the Crime Scene by Ventura Sheriff's Department. Officer Michael Crone and Officer Dillan Alvarez both report the defendant as being 2 feet behind patio wall as Officer Crone stepped onto the patio and then lunged in bear hugging defendant Chest to Chest. Neither reporting officer investigated the patio either, before they wrote their reports together.

There is a 14 inch tall planter 20 inches from the patio door. Officer Crone and the trier of facts findings place the defendant 2 ½ feet behind this wall a top of the 4'x6'x 14 inch tall planter 20 inches from the patio door. Due to Detective Brian Silva Negligent Malpractice this material evidence of the planter was never photographed as protocol requires by the police for a major crime. Had the protocol been followed Investigative reports, markers measurements and extensive photos would have been produced and the district attorney's office may not have filed charges based on Officer Crone and Officer Alvarez reports had they had knowledge of material evidence and layout of the crime scene being a conflict with police reports, testimony, and reenactments.

12

This can be corrected by extensive measurements taken, and all of officer Crones Testimony from the trial record extensively marked and recorded photographed and measured. Full schematics. Due to my incarceration I cannot obtain a diligent investigator so I must force my opponent to follow protocol and produce a full "MURDER BOOK" I believe it is called with photos and measurements, markers, ETC. I have nothing to hide I am innocent and this detective failing to do his job has caused an impediment leading to my conviction and denying my access to Ventura Superior court to this day.

The Ventura Trial Court should be able to make a finding of fact at an evidentiary hearing, based on the Credible Investigation and Photos of Ventura Sheriff's Detective Major Crimes Detective Brian Silva introducing this evidence along with this testimony he failed to follow major crimes protocol and investigate and photograph and respond when he was notified.

Claim 7

The Following Civil right has been violated:

**ACCESS TO COURT FIRST AMMENDMENT DENIED COUNSEL TO OBTAIN RECORDS AFOREMENTIONED IN THIS SUIT AND OBTAIN AN EVIDENTIARY HEARING VENTURA SUPERIOR COURT CASE NO. 2004002176**

January 25, 2016 Ventura superior court denied me the assistance of counsel to obtain records from government agencies and remove state imposed impediments, and obtain an evidentiary hearing on potential exculpatory evidence the Superior court of Ventura destroyed without notice. Since they failed to entertain my request for effective counsel to remove impediments. I was screened out stating I had a trial, twice through the court of appeal, habeas corpus and other motions; yet no finding of fact was ever made I have been rubber stamped and no state imposed impediments have been removed and most of the claims in this suit are new and evolving over the last few months.

The evidence I obtained by freedom of information act produced two items that demonstrate ineffective Trial Counsel that must be addressed at an evidentiary hearing in Ventura Superior Court; Ventura superior court cannot produce evidence this ineffective assistance of counsel claim had a hearing or any ruling was ever made or ant court evaluating this evidence.

November 16, 2015 freedom of information Act Produced two items.

1. Visitor history report showing my trial attorney only visited me 6-18-2004. It is unbeknownst to me what date the D.A. furnished the Pre-Trial discovery containing the July-19-2004 police dispatch record. This is evidence my counsel never informed me of potential exculpatory evidence.

14

2.   Ventura Sheriff's department produced 2 out of 3 profiles of booking photographs. This is new material evidence not introduced in trial, appeal, or habeas corpus.

These booking photographs play a significant role in determining either guilt or punishment. This demonstrates I had scratches on my nose and abrasions on my face. The trier of fact made substantial statements rendering his verdict that "he was not persuaded by Ms. Rhodes testimony as to the sequence of events......Ms. Rhodes Testimony was that the struggle had begun on the patio and Grant's face was being driven into the concrete patio by deputy crone."

Evidence in possession of Ventura County Sheriff's Department will show I sustained actual injuries from this concrete, when poster sized booking photos are produced. This evidence could potentially undermine the conviction of officer crone bear hugging the defendant with both arms by showing the trial court actual injuries from face being in concrete.

All three witnesses Officer Crone, Defendant, and defendant's mother made statements defendant was thrown on the ground, tackled, face pushed into concrete. The trier of fact has not heard these witnesses' statements and testimony. It is only reasonable for an evidentiary hearing be conducted to introduce the following evidence.

1.   Booking photographs of injuries to Mr. Rhodes face obtained November 16, 2015

2.   Officer Crone was questioned in pretrial Q: when you saw him raise the handgun, what did you do? A: "I Imeadeatly – basically tackled him, for lack of a better term,"

3.   I reported to the ER Nurse I was thrown on the ground, she documented Injuries to my face and scratches on my nose, an additional witness.

4.   Ms. Rhodes Testified she witnessed officer crone tackle me and push my face into the concrete patio; in addition to witnessing officer crone call (Code #3). When the three other Expert Police

Dispatch Officers offer testimony through interrogatories that officer crone called (Code #3), it will rectify the sequence of events the trier of fact did not believe.

As it stands Ventura Superior court is the only one who believes I was not tackled. All three witnesses that were present have available testimony and evidence to offer to the trial court to make a finding of fact based on tangible reliable records, photographs and previous testimony. This is indisputable evidence all three witnesses can offer testimony to the trial court Mr. Rhodes was tackled in addition to tangible evidence; not the raising a gun bear hug I was convicted of.

**(See Supporting Documentation Exhibit F)**

E. **REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1) All Fees Paid Associated to this case by Defendants

2) Declaratory and Injunctive relief

3) Appointment of counsel Ventura superior court case 2004002176

4) Appointment of counsel in this action to remove state imposed impediments and obtain evidence.

5) D.A. Case file Pre-trial discovery itemized list to develop ineffective counsel claim, Dates of exchange with Trial attorney, exculpatory evidence, Damage requests, Bills, fees, etc from mr. crawford

6) Development of my claim, Ventura sheriff's Dept dispatch officers operation manual and Expert testimony 3 dispatch officers that officer Crone Called code 3.

7) Ventura Sheriff's Department Declare officer Crone Called-Code 3 Jan 18, 2004 False Police report.

8) My Citizens complaint finding officer crone called code 3. officer Crone and officer Alvarez conspiracy to commit perjury filed for life and injunction predating this Complaint on their files with all evidence obtained from this suit as July 19, 2004 day dispatch report was printed or day counsel had access to Evidence what ever the date of Exchange Pre trial Discovery Da office and trial attorney.

9) Declaration from Susan P. Stone Withholding Exculpatory Evidence failing to investigate.

10) Judicial Notice Rhodes V. Stone Santa barbara Sup.Ct.# 16 CV00709 failing to Provide case file legal malpractice

11) Greg Irvine Produce Poster Sized Exhibit and other testimony he obstructed Production of Potential Exculpatory Evidence 14 inch tall Planter failure to investigate.

12) Officer Brian Silva Photograph measure, Place markers on Patio of Rhodes Residence with marker 2½ behind patio wall hight of concrete planter box etc.

13) Poster Board sized Photos of Rhodes Booking Photos submitted to trial court by Ventura Sheriffs Dept.

14) Declare Ventura Superior Court failed to give By law notice Destruction of evidence.

15) Access to Ventura Superior Court for Evidentiary hearing case no 2004002176 To Re-submit Trial exhibit copies into Evidence, having Officer Crone re-mark Destroyed Exhibits and introduce other facts Developed through the course of this claim

16) life time Restraining order Officer Crone and officer Alvarez 500 ft unless in Court, I don't want to be dragged into a cell, while bound and shackled and intimidated by arresting officer alone years after my arrest like on Remand for Appeal Previously.   Thank You

3-3-2016
*(Date)*

Rhod
*(Signature of Plaintiff)*

Exhibit List

Exhibit A        Discovery request FOIA

Exhibit B        Susan P. Stone failure to investigate/ police dispatch reports, etc.

Exhibit C        Ventura sheriff's impediment/ dispatch Manuel's and witnesses, etc.

Exhibit D        Legal Mail Log 12-23-2015/ court destruction of evidence, etc.

Exhibit E        FOIA Request Ventura Sheriffs/ Investigator visiting records, all angels booking photos
                 and policies on that procedure etc.

Exhibit F        Transcripts, verdict articulations, police reports, booking photos, visiting records, pre-
                 trial testimony, etc motion for counsel remove impediments evid hearing access to
                 court.   `

EXHIBIT **A**

Grant C. Rhodes V-60392                                      DATE: 11/23/2014

---

Request for public information

In RE: Request District Attorney Case file Discovery package, Public Records Act.

To District Attorney Kevin Dresher:

 I have never received a letter or response back from you or any one from the District attorney's office. This request is being provided to you and the Trier of Fact Honorable judge McGee, for the only purpose that it is on record I am seeking the following items from you Kevin Dresher of the Ventura County District attorney's office. **I am Currently Acting as my own attorney pro per** as well, and require the records furnished as follows:

1. Copy of Ventura County District Attorneys Entire Case file & Discovery in The People V. Grant Charles Rhodes Case No. 2004002176.
2. I request all Items in the case file produced to be itemized and listed, and served with a proof of service.
3. Chain of Custody for District attorney's office Case file and discovery. The Exact Dates and times and signatures of any exchange of evidence, case files and discovery between Attorney's P.D. Markov & CDA James Farley between the dates of Jan 18, 2004 and Dec 8, 2004. Date D A furnished files
4. Any Evidence Mr. Crawford Provided to the district attorney, or any request for compensation for damages , any audit for vehicle damages, or any list of cost paid, owed and paid per insurance companies in regards to vehicle damages.
5. I have requested My CDA Mr. Farley provide the District Attorneys case file/ Discovery that was provided to him. I am unable to locate Mr. Farleys current Address.

 I am writing you to request the above information, as it is to be used for legal purposes. If there is a cost per copy I would be willing to pay, please explain the cost of these documents, and also to whom the money order needs to be made payable to, I will promptly forward those fees to where they need to be sent so as I obtain the above requested documents, pursuant to the following clearly established federal and state laws.

1, Overview right to access public records

 Historically, courts have recognized a "general right to inspect and copy public records and copy public records and documents, including judicial records and documents." Nixon V. Warner Commc'ns Inc., 435 U.S. 589,597 & N. 7, 98 S. Ct. 1306, 55 L.ed.2d 570 (1978). This is a right justified by the interest of citizens in "keeping a watchful eye on the workings of public agencies." Id. At 598, 98 s. ct. 1306. Such vigilance is aided by the efforts of newspapers to" publish information concerning the operation of government" Id.

 This request is being made pursuant to the sunshine laws:

The California public records act (Gov. Code 6250 et. seq) grants access to public records" as including any writing containing information relating to the conduct. Of the public business, prepared, owned, used, or retained by any State or local agency. (Cal. Gov. Code 6252, subd. (e) . See also this request falls within the freedom of information act in accordance with Cal. Government Code 6250. & 5 U.S.C.552.

Respectfully I thank you for your attention in this important matter.

I do hereby declare under the penalty of perjury that the forgoing is true and correct and that this declaration was executed at Eloy, AZ.

Dated: 11/ 23/ 2015

Grant c. Rhodes CDC# V-60392

L.P.C.C.

5501 N. La Palma Rd.

Eloy Az. 85131

**Proof of Service**

I Grant C. Rhodes Do hereby declare as follows this document entitled:

Request District Attorney Case file Discovery package,

Public Records Act.

I sent through the United States post office  from LaPalma Facility 5501

North LaPalma Rd Eloy AZ 85131.

Addressed as follows:

Trier of Fact Honorable Judge McGee
Superior Court of Ventura
P.O Box6489
Ventura CA,    93006

Kevin Dresher

District Attornies office

800 South Victoria.Avenue

Ventura, CA 93009

I Grant C. Rhodes Do Hereby declare under the penalty of perjury and the laws of the great state of

California the forgoing is true and correct and this was executed this 24 day of August 2015.

Date 11/23/2015

Grant C. Rhodes



# OFFICE OF THE DISTRICT ATTORNEY

## COUNTY OF VENTURA, STATE OF CALIFORNIA

**GREGORY D. TOTTEN**
District Attorney

**JANICE L. MAURIZI**
Chief Assistant District Attorney

**MICHAEL K. FRAWLEY**
Chief Deputy District Attorney
Criminal Prosecutions

**W. CHARLES HUGHES**
Chief Deputy District Attorney
Administrative Services

**MICHAEL D. SCHWARTZ**
Special Assistant District Attorney
Justice Services

**R. MILES WEISS**
Chief Deputy District Attorney
Special Prosecutions

**MICHAEL BARAY**
Chief Investigator
Bureau of Investigation

December 11, 2015

Grant Rhodes, V-60392
LPCC
5501 N. La Palma Road
Eloy, AZ 85131

Re: Discovery/Public Records Act Request

Dear Mr. Rhodes:

This letter is sent in response to your discovery/Public Records Act request for information pertaining to *People v. Grant Charles Rhodes*, case number 2004002176. No information is provided for the following reasons:

Because the case is completed, you are not entitled to pretrial discovery under the Criminal Discovery Statute, Penal Code section 1054 et seq.

As to the California Public Records Act, although you are the subject of the records in question, you are not entitled to greater disclosure than any member of the public would have in these records. (*Los Angeles Police Dept. v. Superior Court* (1977) 65 Cal. App. 3d 661, 668.) The documents are exempt from disclosure under the following provisions:

> Records of complaints to, or investigations conducted by . . . any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes." (Gov. Code, § 6254(f).)

> Department of Motor Vehicles records. (Gov. Code, §§ 6254(k), 6255; Veh. Code §§ 1808(e), 1808.21, 1808.45-1808.47; 18 USC §§ 2721-2725.)

> California Department of Justice CII records ("rap sheets"). (Gov. Code, §§ 6254(k), 6255; Penal Code §§ 11142, 11143.)

Grant Rhodes, V-60392
December 11, 2015
Page 2

Information from the Ventura County Integrated Justice Information System (VCIJIS), disclosure of which is prohibited as local summary criminal history records. (Gov. Code, §§ 6254(k), 6255; Penal Code §§ 13302-13304; 89 Ops. Cal. Atty. Gen. 204 (2006).)

Attorney core work product. (Gov. Code, §§ 6254(k), 6255, 6276.04; Code Civ. Proc., § 2018.030(a); Pen. Code, § 1054.6.)

Documents protected by the deliberative process privilege. (Gov. Code, §§ 6254(k), 6255; *Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325.)

Probation Reports. (Gov. Code § 6254(k), 6255; Pen. Code § 1203.05; Cal. Rules of Court, rule 2.550.)

Documents protected by the official information privilege. (Gov. Code, §§ 6254(k), 6255, 6276.32; *Rackauckas v. Superior Court* (2002) 104 Cal.App.4th 169.)

Reporters' transcripts. (Gov. Code, § 69954 (d).)

You state that you have been unable to contact Conflict Defense Attorney James Farley. I am sorry to report that Mr. Farley died on January 2, 2015.

Very truly yours,

MICHAEL D. SCHWARTZ
Special Assistant District Attorney



# OFFICE OF THE DISTRICT ATTORNEY
## COUNTY OF VENTURA, STATE OF CALIFORNIA

**GREGORY D. TOTTEN**
District Attorney

**JANICE L. MAURIZI**
Chief Assistant District Attorney

**MICHAEL K. FRAWLEY**
Chief Deputy District Attorney
Criminal Prosecutions

**W. CHARLES HUGHES**
Chief Deputy District Attorney
Administrative Services

**MICHAEL D. SCHWARTZ**
Special Assistant District Attorney
Justice Services

**R. MILES WEISS**
Chief Deputy District Attorney
Special Prosecutions

**MICHAEL BARAY**
Chief Investigator
Bureau of Investigation

December 16, 2015

Grant Rhodes, V-60392
LPCC
5501 N. La Palma Road
Eloy, AZ 85131

Re:    Conviction Integrity Review
       People v. Grant Rhodes, 2004002176

Dear Mr. Rhodes:

We have completed our Conviction Integrity review of the above case, including consideration of your letter of February 26, 2013, and the materials you provided.  It is our conclusion that the verdict was properly supported by the evidence, that you are not factually innocent, and that none of the matters you raise undermines confidence in the conviction.  Accordingly, this matter is closed.

Very truly yours,

MICHAEL D. SCHWARTZ
Special Assistant District Attorney

EXHIBIT **B**

# SUSAN POCHTER STONE

## *Attorney at Law*

Post Office Box 90716

Santa Barbara, CA 93190-0716

(805) 569-5656   FAX (805) 569-9747

December 17, 2015

Mr. Grant Charles Rhodes V-60392
**LEGAL MAIL**
La Palma Correctional Center (LPCC)
5501 North La Palma Road
Eloy, Arizona 85131

**\*\*\*\* CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION\*\*\*\***

　　Re: *People v. Grant C. Rhodes*
　　　　Ventura County Superior Court Case No. 2004002176
　　　　Court of Appeal 2nd Crim. Nos. B180003, B196012

Dear Mr. Rhodes:

　　I was your attorney in the two California appeals from the foregoing case. I anticipate that my practice of law will be winding down in a few years. A concern about a client's paper files is that their continuing existence in the lawyer's office may reduce a client's privacy and confidentiality if the lawyer becomes disabled or dies. You have a right to those papers.

　　You have a choice of having the paper file shredded by me _or_ having the paper file delivered to you. Please advise what you prefer to be done with your paper file. I enclose a stamped envelope for your response.

　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　SUSAN POCHTER STONE

Enclosure|

# SUSAN POCHTER STONE

## *Attorney at Law*

Post Office Box 90716

Santa Barbara, CA 93190-0716

(805) 569-5656   FAX (805) 569-9747

February 2, 2016

Mr. Grant Charles Rhodes V-60392

**LEGAL MAIL**

La Palma Correctional Center (LPCC)

5501 North La Palma Road

Eloy, Arizona 85131

**\*\*\*\* CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION\*\*\*\***

Re: *People v. Grant C. Rhodes*

Ventura County Superior Court Case No. 2004002176

Court of Appeal 2nd Crim. Nos. B180003, B196012

Dear Mr. Rhodes:

You ask where is your trial attorney's file. I did have it at one time but it was returned to Mr. Farley in January 2006 and he acknowledged receipt of that file. Ask him for his file.

You are right that a habeas petition would be necessary to raise an ineffective assistance of counsel question based on a police dispatch record as it is evidence outside the appellate record -- whereas an appeal is based solely on the appellate record. As far as having the court appoint an attorney for a habeas petition, I have no strings to pull on your behalf, unfortunately.

Finally, the declaration you request I write would not be accurate. My review notes of the police dispatch report do not support your conclusion that Crone was the one that called. Even if Crone (as opposed to Alvarez) did make the call, the report does not undermine Crone's testimony that you were raising the gun when he entered the patio or that you resisted him. Such evidence is necessary because a habeas petition has to show that but for trial counsel's error it was reasonably probable the outcome would have been different.

Sincerely,

SUSAN POCHTER STONE

# FARLEY & CASSY

### LAWYERS

1190 South Victoria Avenue, Suite 203
Ventura, California 93003

JAMES MATTHEW FARLEY *
CHARLES L. CASSY

*a Professional Law Corporation

TELEPHONE:
805.642.0392
FACSIMILE
805.642.0365
EMAIL: farcass@pacbell.net

June 21, 2005

Susan Pochter Stone
Attorney at Law
P.O. Box 90716
Santa Barbara, CA 93190-0716

Dear Ms. Stone:

I read your letter of June 16, 2005, you indicated that your representing me in my appeal and as far as I know I don't have an appeal before the Second Appellate District Court of appeal; however my client Grant Rhodes does. I would have to review the file because a lot of water has gone under that bridge again, but from what I can recall of his case there were numerous appellate issues that should be brought up. I think Grant got hosed in this case, and I'm more than willing to help you. I would also be glad to give you, if you want it, the entire file so that you can go through it for your enlightenment.

Stay in touch.

Very truly yours,

JAMES MATTHEW FARLEY

JMF/dap

# SUSAN POCHTER STONE

## *Attorney at Law*

Post Office Box 90716

Santa Barbara, CA 93190-0716

(805) 569-5656   FAX (805) 569-9747

December 18, 2015

Mr. Grant Charles Rhodes V-60392
**LEGAL MAIL**
La Palma Correctional Center (LPCC)
5501 North La Palma Road
Eloy, Arizona 85131

**\*\*\*\* CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION\*\*\***

Re: *People v. Grant C. Rhodes*

Ventura County Superior Court Case No. 2004002176
Court of Appeal 2nd Crim. Nos. B180003, B196012

Dear Mr. Rhodes:

Enclosed please find your original letters to me as well as those from your mother, my notes for various research, reviews of the transcripts, telephone conversations, as well as any other documents from your file. Kindly please sign and return the acknowledgment of receipt set forth below in the enclosed stamped envelope. Previously, in a letters dated September 14, 2006 and June 18, 2008, I returned all pleadings or briefs that remained in both files.

I also return your most recent letter and decline your kind offer of further work.

Sincerely,

SUSAN POCHTER STONE

Enclosures
\*\*\*\*\*
Acknowledgement of receipt by Grant C. Rhodes
Date:_____

_____

*Signature*

# SUSAN POCHTER STONE
### *Attorney at Law*
Post Office Box 90716

Santa Barbara, CA 93190-0716

(805) 569-5656   FAX (805) 569-9747

December 18, 2015

Mr. Grant Charles Rhodes V-60392
**LEGAL MAIL**
La Palma Correctional Center (LPCC)
5501 North La Palma Road
Eloy, Arizona 85131

**\*\*\*\* CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATION\*\*\***

Re: *People v. Grant C. Rhodes*

Ventura County Superior Court Case No. 2004002176

Court of Appeal 2nd Crim. Nos. B180003, B196012

Dear Mr. Rhodes:

Enclosed please find your original letters to me as well as those from your mother, my notes for various research, reviews of the transcripts, telephone conversations, as well as any other documents from your file. Kindly please sign and return the acknowledgment of receipt set forth below in the enclosed stamped envelope. Previously, in a letters dated September 14, 2006 and June 18, 2008, I returned all pleadings or briefs that remained in both files.

I also return your most recent letter and decline your kind offer of further work.

Sincerely,

SUSAN POCHTER STONE

Enclosures
\*\*\*\*\*

Acknowledgement of receipt by Grant C. Rhodes
Date:_____

X_____

*Signature*



Susan P Stern
PO B-7 90716
Santa Barbara, CA
93110-0716

POSTAGE DUE 12

6/19
6/19

U.S. POSTAGE
SANTA BARBARA, CA
JUN 16 2005
AMOUNT
$0.12
0008-4688-08
0000
UNITED STATES
POSTAL SERVICE

Christeen Rhodes
1962 North Marco Drive
Camarillo, Ca. 93010
Cacampfire@aol.com
June 12, 2005

Dear Ms. Stone,

Thank you for speaking to me the other day concerning Grant.

I am enclosing the **interrogation tape**, as per your request, from the day Grant was arrested. Grant states he was taken down from behind by "a " cop and says **he never assaulted anyone.** He also asks to call his lawyer at the end of the tape and was not allowed to. Our family friend, Dr. Lev, a County psychiatrist, listened to this tape and urged me to have Mr. Farley to use it to help in Grants defense.( I do not believe Mr. Farley did ) The tape shows Grant to be in extreme emotional distress and puts his emotional condition in perspective for the day of these events.

**When I get a transcript from you (either disk or copy) I will make Grant a copy and send it to him immediately as he is anxious to read it.**

I am also enclosing the **computer printout** we discussed. It shows that Officer Crone and Alvarez both lied on their reports. Officer Crone called for back up – just as I reported to the Public Defender. Officer Crone lied about this in his preliminary hearing testimony as well.

The other thing I believe you should know right now is that the **DA perpetrated a fraud** upon the court. Before Grants first Court hearing with this DA I overheard a conversation Officer Alvarez had with the DA. Alvarez told the DA that he ( Alvarez ) did not see anything that happened – that he was out front and just heard some things banging around in the back. During the preliminary Crone says he was followed into the house by Alvarez and they both struggled with Grant on the patio and ended up inside the house. When Alvarez came up to testify the DA glossed over Alvarez and said - we won't talk about what happened till after Grant was arrested and you were outside the house. The DA had to know that Crone was lieing during his testimony and yet he allowed it to go forward. ( I told the PD's investigator about this and she had me fax her a statement March 04 . I also e-mailed this info to a friend in Feb04 about what had happened. I never got to read the preliminary till Sept 04 so I did not know what the DA had done. Mr. Farley was not sent a copy of the fax I sent to the PD concerning this – or at least it was not in the file. )

I will do anything to help and have several pages of notes ready to compare with the transcript. My sons life is now in your hands. He is innocent and I hoping and praying you can prove that.

Thank you for all your help.

Sincerely,

Christeen Rhoden

rec'd 6/16/05

16.   ~~shld dc have pressed over the hs obj when he asked kristen what she told alvarez.
After all she is the one in court.~~

17   d's mother's letter:

*While tape cld show Δ might have been surprised @ assault charge, it seems to me no IAC argument is possible. Prejudice argument too stretched.*

She sent tape of police interview of d on day of arrest.  *I reviewed and found nothing particularly helpful except d's obvious surprise at the assault charge. Cop (Ryan Clark?) seemed to seek d's agmt to speak before proceeding with any discussion & the whole taping was a sequence of d's hysterics at the beginning, the cop trying to calm him down, the cop reading miranda rights & asking d if he still wanted to talk.  D then wanted to understand how he could be charged w/ assault and some reassurance by cop that D cld help himself by explaining.  D never gives any real info & asks for lawyer & that appears to be end of interrog.  **The tape was not introduced into evidence.**

(NI)
She sent printout from dispatcher and argued that it showed crone called for backup and that it showed crone lied; *but my reading of printout shows that the call for backup could have been made by alvarez at 12:44:57 and in fact it is alvarez's name which shows on the distach at 12:41:30.  She made may have been confused by the numbering next to the "code3 baup" but that number does not refer to crone, whose number is evidently 3346.*

(NI)
Finally, she argued that she had overheard a conversation bet the DA and Alvarez before the "first" court hearing and that Alvarez told DA he did not see anything that happened.  *My view is that this does not show the DA or cops perpetrated a fraud upon the court.  Alvarez did not testify that he saw appellant point a gun.  Rather, he testified only coming into the house at the point when appellant and crone were struggling.*

**     DO I HAVE THE FOLLOWING REPORTERS TRANSCRIPT?
clerks transcript**

1     m/o 2/10/04  prelim hrg.  pd markov represents d.  crome ttfy; pd rest.  d's
mom ttfy.  d rests.  dillan alvarez ttfy. p rsts.   d held to
answer.  **YES IN CT.**

8     m/o 2/24/04  arraignmt: dd pleads ng **YES.**

12    m/o 3/23/4  pretrial conf.  **NO**

101   4/13/04 m/o: cda apptd.  **NO**

143   4/19/04 m/o: pitchess mot heard.  ct examines records in chambrs.  d's
mot denied  w/o prej.  p's mot per pitchess denied.  **YES**

**RHODES, GRANT**
**B180003**
**TO DO**

*Dillon*
*Pitchers*
*mouff H + R*

*O see last page for review of Δ's mothers ltr.*

1.     D'S 1ST 2 LTRS SAY:

(N1) A.     atty talked me into trial by judge.  ASK HIM WHAT DC SAID. asked. deft
            says in his letter that he wld have no chance agst a cop w/ a jry and that
            judge was fair – *DC says he promoted court trial bec he trust judge*
            *rather than jy wld more likely believe Δ's mother over cop's*
            *atty*.

✓ask DC     b.     i did not testify.  ASK HIM WHY HE DIDN'T. asked deft in ltr says that
(N1)               dc did not give him a chance to tfy.  dc told him he might not call him &
                   then case over before he knew it; d was heavily medicated; also he has a
                   record. any issue?  *DC said Δ did not want to tfy.*

*argue Dillon* ←C.     jg asked da to drop 10 year firearm enh. & wanted to impose only 7.
*argue Pitchers* ←d.   turned down for cop's service records.
               e.     asks re chance for new trial. **responded**
               f.     asks for copy of trial tx. **responded**

(N1)a.     D's 2 letters postmarked 6/24 &6/27 & rec'd 6/29/05: lists discrepancies in ttmy at
           trial vs. prelim: consider.  *Done*

(R)   2.     ct15  d's mot for pretrial discovery per ec 1043 & 1046 **FURTHER REVIEW
*argue*              IF DENIED* includes pitchess. & ha police reports attached.
*Pitchess*  *only is*
            *mot is*
            *Pitchess*
      3.     ct 53 *type mot*  da's notice of pitchess motion & p&a. requesting info re deputy crone &
                   alvarez. *review further if significant***

(N1)  4.     **where is hearing waiving jury trial??**

(N1)  5.     (RT   162WAIVER OF CONSTIT RIGHTS DOCUMENT SIGNED BY D ON
                    9/3/04, exhibits PLEADING GUILT / NO CONTEST TO PENAL    *got in supp RT*
                    CODE SECTION 23152. when was this done in (RT & ct? - *got in supp*

      6.     **issues suzan hier sees: in 3/24/05 ltr**

✓*arguing* ←a.     **pitchess: ct denied w/o holding in camera hearing bec jg thot dc's dec**
                   **ambiguous as to whther mother's versio contradicted cops' repots.   see**
                   **her further stmts & cases on p. 2 of 3/24/05 ltr.**

✓*arguing* ✓b.     **suff of hit & run: d ;evid is insuff bec d leave his *id.* at p. in form of his**
                   **mom, car & his name w/ neighbor, but ev may show resisting arrest or**
                   **interference**

*arguing* ← **c.**   **dillon** see cases cited on pg 3 of 3/24/05 ltr.

*arguing not for NT*   consider attacking concl that brandishing is not lesser-included offense of 245a1. see cases in ltr. *did she mean to support Dillon arg?*

*arguing (Dillon?)*   consider whether ct cld have reduced 12022.53 to 12022.5. see arg in ltr. *↳ did she mean ala Dillon?*

(NI) **f.**   record is missing jy (waiver) & opening stmts in rt. see other items she suggests I get. (pg. 4) *↳ got in supp RT*

(NI) **7.**   ct205 mot for new trial. review grounds.

**8.**   ct 215 da's opp to mot for new trial   Review.

**9.**   Appellant was give a total of 324 days of actual custody credit and 48 days of conduct credit, for a total of 372 days of presentence custody credit (CT 228), however, no custody credit was applied toward counts five through seven. (CT 227-228.) verify accuracy *Custody began 1/18/04 + sent'd on 12/6/04* *↳ see att'd comput. Concluded # of days correct → but check out other cases & whether*

(NI) **10.**   check sentence computation. *correct.* *custody overlapped*

(NI) **11.**   check computation of rest fine of 2000. & rest to john lieberman of 1700. ct 228 *↳ OK* *↳ based on vic's stmt to PO in P.O.R*

(NI) **12.**   DOES (RT REALLY SHOW CT FINDING D GUITY OF ALL COUNTS REFLECTED IN CT AT END OF TRIAL? SEE CIRCA (RT 409.) *↳ see also* *yes RT @ RT 409 + counts* *RT 150 where △ pleads No contest to cts 5+6 ; ct* *1-4 @* *RT408*

(NI) **13.**   IS THERE PROB W/ THE INFO SEE (RT 18.) RE 12021 ALLEG DISMISSED. FROM PRIOR?? DA SAYS ONLY ISSUE FROM PRIORS IS THAT D IS CONVICTED FELON & DC SAYS NO PROB W/ THAT/ (RT 19.)

(NI) **14.**   any issues re omission of specific admonitions (RT 150 D PLEADS NO CONTEST TO CT 5, DUI, A MM. AND CT 6, DRIVING MOTOR VEHICLE W/ PHOHIBITED BLOOD ALCOHOL LEVEL GREATER THAN .08. CT ASKS D IF HE UNDERSTANDS THE CONSEQ OF A NO CONTEST PLEA (BUT CT DOES NOT SPECIFY THOSE CONSEQ). *Not enuf of issue to raise even if it was issue in light of other issues*

(NI) **15.**   REVIEW THIS CASE: (RT 153) ct says case cited by d, whitsett 149 c.a.3d 213 **is not applicable bec pcs 28 has changed. dc submits the mot & ct says tentative order is not to admit evidence.** *↳ ct ultimately ruled in △'s favor (RT 160)*

(NI) **16.**   shld dc have pressed over the hs obj when he asked kristen what she told alvarez. After all she is the one in court. *↳ DC did not defend the HS obj (RT 198) + not clear how it wld have helped △ for Kristen to repeated on stand what she told Alvarez re the incident in their house*

*see last page*

**     DO I HAVE THE FOLLOWING REPORTERS TRANSCRIPT?

**clerks transcript**

1     m/o 2/10/04  prelim hrg.  pd markov represents d.  crome ttfy; pd rest.  d's mom ttfy.  d rests.  dillan alvarez ttfy.  p rsts.  d held to answer.  **YES IN CT.**

8     m/o 2/24/04  arraignmt: dd pleads ng **YES.**

12    m/o 3/23/4 pretrial conf.  **NO**

101   4/13/04 m/o: cda apptd.  **NO**

143   4/19/04 m/o: **pitchess mot heard.** ct examines records in chambrs.  **d's mot denied** w/o prej.  p's mot per pitchess denied.  **YES**

154   8/17/04 m/o: jury trial.  appellant pled ng & denied all alleg. & priors. **YES**

158   9/1/04 M/O JURY TRIAL WAIVED **NO** – rec'd in supp.

165   9/3/04 m/o: court trial commences.  exhs marked: exh 1-8 & exh a-j. opening stmts by parties.  david crawford ttfy & id's d.  john lieberman ttfy. crone ttfy; exh 9 mkd.  alvarez ttfy.  exh 1-3,5-9 recd.  d does no contest plea on counts 5 &6 waiving rts.  p rests.  ct resolves issues re mental health records.  ct's tentative not to admit.  **YES IN PART.  NO OPENING STMTS INCLUDED **************GET THEM **rec'd in supp****

176   9/7/04m/o    ct trial in probress day 2.  d's exh k-n mkd.  resolutn of mental health issues.  arg by d & arg b p.  ct rules pemission to mental health ttmy.  christeen rhodes ttfy.  kristen rhodes ttfy.  exh a-n rec'd.  exh o marked & recd.  nicoleta weeks ttfy.  dr. marvin jung ttfy.  **YES**

188   9/8/04 m/o:   crone resumes wit stand in rebuttal.  sur-rebuttal by defense. christeen rhodes resumes wit stand.  closing arg by p arg by d & rebuttal arg by p.  ct finds d guilty of cts 1-4 & 7.  sec fee of 20 ordered/ **YES**

226   12/6/04 m/o: sentencing.  arg by d. arg by p.  mot for new trial & to reduce 245 count is denied.  ct read probation officer's report & finds factual basis for plea.  probation denied.  sentence pronounced (see scf)   rest fine of 2000. & resttn to john lieberman of 1700. ct 228 **YES**

Police Printout

Shows Crone called for backup (just like I said) Crone & Alvarez lied about this on their reports. Crone lied about this ~~but~~ during prelim. I don't know if Mr. Farley questioned them about this but proves Crone lied on report & in court (prelim)

```
Printed: 01/18/2004                                                07:40:2004
INCIDENT HISTORY DETAIL:     S040180137
```

```
INITIATE:  06:57:07  01/18/04    CALL NUMBER:      S0137
ENTRY:     06:58:05             CURRENT STATUS:   CLOSED
DISPATCH:  06:58:45             PRIMARY UNIT:     8B11
SCENE:     07:01:25             CASE NUMBER:      SO0400001898
CLOSE:     19:09:09             DISPOSITION:      RPT
```

```
LOCATION: 1936 N CROYDON AV ,CA (FRANCIS AV & E CROYDON)
LOCATION COMMENTS:
AREA:      WEST
BEAT:      8B01 MAP PAGE: 494-H7 OLD TYPE: 1049J  FINAL: 20002J NO INJ H/R J/OCC
RD:        8133                   PRIORITY:  2  (JUST OCCURRED)
```

```
06:58:05 CR04 ENTRY      TEXT:VEH INTO A PARKED CAR / WHT HONDA VS PARKED CAR /
                         THERE IS AN OFF DUTY OFFICER ON SCENE / RUNNINGN FROM
                         DEO \SOURCE:RESD
06:58:05 CR04 E911       LOCATION:1936 N CROYDON AV \PHONE:805/987-9762
                         COMP:CRAWFORD, KAREN \DATE:01-18 \TIME:06:56:--
06:58:43 CR04 SUPP       TEXT:DP IN AN OLDER LT BLU TOYO / DEP PUGH ARGUING
                         WITH DP / IS NOW DRIVING AWAY
06:58:45 CR05 DISP-ENR   8A21 8D21
06:58:45 CR05 ID         8A21 <3002>PETE GUTIERREZ (BL)
06:58:45 CR05 ID         8D21 <3386>SAMUEL DOMINGUEZ (BL)
06:58:55 CR04 SUPP       TEXT:HEADED ON FRANCIS TOWARDS JOSE
06:59:55 CR04 SUPP       TEXT:DP WHT TANK TOP / UNK DIR NOW
07:01:25 CR05 ONSCENE    8A21
07:01:42 CR05 ONSCENE    8D21
07:02:24 CR05 BACK-OS    8A21 8B11
07:02:24 CR05 ID         ▓▓▓▓▓ <3346>▓▓▓▓▓▓▓▓▓▓▓▓▓
07:03:48 CR05 BACK-OS    8B11 8C11
07:03:48 CR05 ID         8C11 <3616>DILLAN ALVAREZ
:07:18 CR05 MISC         8B11, LT BLU CAMRY LE ARNOLD SWARZNEIGER STICKER ON
                         BACK WINDOW VEH HAS NO DMG AND IS 10851
07:07:27 CR05 BACK-ER    8B11 3S19
07:07:27 CR05 ID         3S19 <1901>JOHN HOELKER
07:09:34 CR05 MISC       8B11, CAMRY TAKEN FROM 1962 MARCO W/MARCO
07:09:51 CR05 MISC       8B11, CAMRY TAKEN FROM 1962 MARCO W/RP
07:10:30 CR05 MISC       .137, CHP ADVD
07:13:36 CR05 MISC       8B11, NOT 10851 AT THIS TIME , PLATE ON VEH 2HFX245,
                         SUBJ: RHODES GRANT 073081 . SUBJ IS HBD
07:15:48 CR05 MISC       8B11, POSS PLATE OF 2HFX245
07:16:11 CR05 MISC       8B11, VEH IS MOTHER'S NOT 10851
07:17:55 CR05 MISC       8B11, 2HXF245
07:18:09 CR05 CHGLOCOS   8C11 1936 N CROYDON AV ,CA
07:20:55 CR05 MISCX      HIT/RUN OCC'D APPROX 0658 HRS , SUSP RHODES,GRANT
                         073081 , LEFT HIS VEH AND THEN TOOK HIS MOTHER'S LIGHT
                         BLU CAMRY 2HXF245 W/ARNOLD SWARCHANEGGER(?) STICKER IN
                         THE REAR WINDOW, NOT A 10851 AT THIS TIME
07:21:56 CR05 CLEAR      8D21
07:21:59 CR05 CLEAR      8A21
07:22:16 CR05 PRIMARY    8B11
07:25:25 CR05 CHGLOCOS   8B11 1962 MARCO DR ,CA
07:38:17 CR05 CHGLOCOS   8B11 1936 N CROYDON AV ,CA
07:43:50 CR05 CLEAR      3S19
07:43:55 CR05 CASE       8C11 SO0400001898 Assigned
07:58:39 CR02 MISC       8B11, OCT 3MHG300 WHITE HONDA CIVIC
08:00:40 CR02 TOWRQST    8B11 EDDICA YES, EDDICAEDDIES TOW 8054991492 ,WHITE
                         HONDA CIVIC
08:26:12 CR02 MISC       8B11, 4TWZ998
09:00:20 CR05 CHGLOCOS   8B11 3701 LAS POSAS RD ,CA
09:00:23 CR05 CHGLOCOS   8C11 3701 LAS POSAS RD ,CA
:24:48 CR05 CLEAR        8C11
   25:48 CT09 MISCX      8B11, HAVE D UNIT RESP TO BEST BUY IN OX AND CHK FOR
                         BLU TOYOTA CAMRY REF HIS CALL
09:26:38 CR05 BACK-ER    8B11 3S14
09:26:38 CR05 ID         3S14 <2721>DAVID MURRAY
09:26:59 CT07 SUPP       TEXT:HAVE D STA UNIT C1021 CRONE AT 388 5141 WHEN THEY
                         FIND THE VEH
```

Page 1

```
09:27:34 CR05 PREEMPT   3S14
09:27:34 CR05 REPLACE   3S14
09:27:34 CR05 ID        3D11 <2997>VINCENT REYNOSO
09:27:42 CR05 CHGLOC    3D11 LOCKWOOD ST/N ROSE AV ,OX, BEST BUY
09:34:21 CR05 ONSCENE   3D11, VEH IS 97
   34:42 CR05 MISC      3D11, RE ADV PH #
09:48:02 CR05 CLEAR     3D11, 8B CONTD
12:41:13 CR03 DUP-OF    040180277 TO 040180137
12:41:18 CR03 CHGLOC    8B11 1962 MARCO DR ,CA
12:41:30 CR03 BACK-ER   8B11 8C11
12:41:30 CR03 ID        8C11 <3616>DILLAN ALVAREZ
12:43:08 CR03 ONSCENE   8B11
12:43:11 CR03 ONSCENE   8C11
12:44:01 CR03 FNLTYPE   8B11  FINALTYPE:1049J-->20001J
12:44:57 CR03 MISC      ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12:45:05 CR03 BACK-ER   8B11 3S19
12:45:05 CR03 ID        3S19 <1901>JOHN HOELKER
12:45:10 CR03 BACK-ER   8B11 8A11
12:45:10 CR03 ID        8A11 <3776>ROBERT STEELE
12:45:30 CR03 MISC      8C11, SUBJ IN CUST
12:45:49 CR03 MISC      3S19, 10-22 CODE
12:45:53 CR03 CLEAR     8A11
12:50:06 CR03 ONSCENE   3S19
12:56:51 CR03 TRANSPRT  8B11 3291 LOMA VISTA RD ,VE
13:11:28 CR03 FNLTYPE   8B11 FINALTYPE:20001J-->20002J PRI:EJ-->2J
13:13:19 CR03 BACK-ER   8B11 3D12
13:13:19 CR03 ID        3D12 <2409>DAVID SPARKS
13:17:02 CR03 TR-CMPT   8B11
13:17:45 CR03 RCONTACT  8C11
13:19:45 CR04 BACK-ER   8B11 3S14
13:19:45 CR04 ID        3S14 <2721>DAVID MURRAY
13:22:43 CR04 PREEMPT   3S19
13:24:12 CR04 ONSCENE   3D12
13:27:06 CR04 ONSCENE   3S14
13:34:50 CR04 CHGLOCOS  8C11 CAM PD
   49:14 CR04 RCONTACT  8B11
   55:51 CR04 RCONTACT  3D12
14:04:54 CR04 RCONTACT  3S14
14:07:54 CR04 RCONTACT  8C11
14:20:15 CR02 MISC      3S14, 1NSJ456
14:21:30 CR04 PREEMPT   3S14
14:42:22 CR04 MISCX     3D12, 10*33 VCMC VTA PD DIST IN ER ROOM
14:43:14 CR04 BACK-ER   3D12 3S14 3D52 3DK, CODE3
14:43:14 CR04 ID        3S14 <2721>DAVID MURRAY
14:43:14 CR04 ID        3D52 <3018>DAVID SCHWIEDER
14:43:14 CR04 ID        3DK <2555>CLIFFORD HARDY
14:44:05 CR04 MISC      .137, VPD ENRT CODE
14:46:30 CR04 ONSCENE   3D52
14:46:30 CR04 ONSCENE   3DK
14:46:30 CR04 ONSCENE   3S14
14:46:43 CR04 BACK-OS   3D52 3D13
14:46:43 CR04 ID        3D13 <3704>TIMOTHY SIMMEN
14:49:01 CR04 MISC      3D12, LIFT 10*33 C4
14:49:20 CR04 ONSCENOK  3D13
14:49:20 CR04 ONSCENOK  3D52
14:49:20 CR04 ONSCENOK  3DK
14:49:20 CR04 ONSCENOK  3S14
14:49:20 CR04 ONSCENOK  8B11
14:49:20 CR04 ONSCENOK  3D12
15:00:29 CR04 CLEAR     3DK
15:00:32 CR04 CLEAR     3D52
15:05:49 CR04 CLEAR     3S14
15:07:51 CR04 CLEAR     3D13
15:20:36 CR04 TRANSPRT  8B11 800 S VICTORIA AV ,VE
15:21:09 CR04 CLEAR     3D12
15:28:05 CR04 TR-CMPT   8B11
   32:27 CR04 DSPINFO   8B11 MAIN JAIL
   32:18 CR04 ONSCENOK  8B11
16:33:41 CR04 MISCX     8C11, NOT AVAIL FOR REST OF SHIFT
17:11:56 CT09 MISC      .137, , SUBJ ARRESTED AND BOOKED FOR 20002PC, 23152VC,
                        148PC AND 245PC
17:54:04 CR04 CHGLOC    8B11 3701 LAS POSAS RD ,CA
17:54:34 CR05 DSPINFO   8B11 *
```

Time when
2 min = they arrive
22 sec at our
house till
Grant
handcuffed

Crone
calls for
Backup
Not
Alvarez
as they
both
stated
in their
reports

Printed on  01/19/2004

```
18:11:12 CR04 ONSCENOK 8C11
18:11:54 CR05 DSPINFO  8C11 *
18:16:33 CR04 ONSCENE  8B11
18:31:47 CR04 ONSCENOK 8B11
19:02:50 CR05 CLEAR    8B11 RPT
   :09:09 CR05 CLEAR    8C11
   :09:09 CR05 CLOSE    8C11


OPERATOR ASSIGNMENTS:   CR04   2604    MICHAEL BAKER (CIT HNT)
                        CR05   2829    JOHN VOGEL (CIT)
        AS OF 07:09:34: CR05   4134    ANN CHUNG
                        CR02   4171    TAMI WEISS
                        CT09   3141    MARCI CHADICK
                        CT07   3132    LESTER TUNIGOLD
                        CR03   2579    LISA PFEIFFER
        AS OF 13:17:45: CR04   3141    MARCI CHADICK
        AS OF 13:19:45: CR04   4122    ANNETTE GARDNER
        AS OF 16:32:18: CR04   4097    ANDREA DEVERA
        AS OF 17:11:56: CT09   4122    ANNETTE GARDNER
```

EXHIBIT C



# VENTURA COUNTY
# SHERIFF'S OFFICE

- **GEOFF DEAN**
  Sheriff
- **GARY PENTIS**
  Undersheriff
- **STEVE DE CESARI**
  Assistant Sheriff
- **GUY STEWART**
  Assistant Sheriff

800 SOUTH VICTORIA AVENUE, VENTURA, CA 93009   PHONE (805) 654-2380   FAX (805) 645-1391

December 9, 2015

Grant Rhodes V-60392
LPCC
5501 N. La Palma Rd
Eloy AZ 85131

Mr. Rhodes

Your public records request dated November 23, 2015 was received by the Ventura County Sheriff's Records Unit on November 30, 2015. The Ventura County Sheriff's Office follows the California Government Code 6250 regarding public records request.

You have requested the following:

1) *Any Documentation Policy and procedure required protocol that when an officer is reporting for work he is issued a police radio for the day, that the officer is required to radio in his assigned badge number to specifically identify himself for the frequency that is being used by that officer... for example 8A21 <3016> Joe Falco.*
2) *Any documentation that the time stamp is automatically entered when an officer keys his radio.*
3) *Any documentation that the dispatch officer identification is automatically entered when receiving and logging a officers request.*
4) *Any documentation that the officer frequency is automatically entered by computer when officer keys his radio.*
5) *Any documentation that specifies what the police dispatch operator is required to manually enter when a code is radioed in by a police officer.*
6) *Any documentation that verifies the credibility of and reliability of the frequency i.e. # that is automatically entered when the officer keys the radio I.E. Frequency is reliable as DNA Hair test, Not subject to human error because it is automatically entered.*

The Ventura County Sheriff's Office does not have or maintain any documents related to items 1 through 6.

7) *The Name of Officer in Charge of the Ventura County Sheriff's Dispatch officer unit.*

The Ventura County Sheriff's Communication Center is staffed by rotating Captains who are considered shift Watch Commanders.

Regards,

S. Snow, Sheriff Manager II – Records

☐ SPECIAL SERVICES
(805) 383-8791 Fax (805) 389-6549

☐ PATROL SERVICES
(805) 494-8260 FAX (805) 494-8295

☐ DETENTION SERVICES
(805) 654-2305 FAX (805) 654-3500

☐ SUPPORT SERVICES
(805) 654-5134 FAX (805) 677-8715

Visit Us on the Web
www.vcsd.org

```
INITIATE:  06:57:07   01/18/04   CALL NUMBER:      S0137
ENTRY:     06:58:05              CURRENT STATUS:   CLOSED
DISPATCH:  06:58:45              PRIMARY UNIT:     8B11
  SCENE:   07:01:25              CASE NUMBER:      SO0400001898
  OSE:     19:09:09              DISPOSITION:      RPT
```

```
LOCATION: 1936 N CROYDON AV ,CA (FRANCIS AV & E CROYDON)
LOCATION COMMENTS:
DAREA:      WEST
BEAT:       8B01 MAP PAGE: 494-H7 OLD TYPE: 1049J  FINAL: 20002J NO INJ H/R J/OCC
RD:         8133                  PRIORITY: 2   (JUST OCCURRED)


06:58:05 CR04 ENTRY     TEXT:VEH INTO A PARKED CAR / WHT HONDA VS PARKED CAR /
                        THERE IS AN OFF DUTY OFFICER ON SCENE / RUNNINGN FROM
                        DEO \SOURCE:RESD
06:58:05 CR04 E911      LOCATION:1936 N CROYDON AV \PHONE:805/987-9762
                        COMP:CRAWFORD, KAREN \DATE:01-18 \TIME:06:56:--
06:58:43 CR04 SUPP      TEXT:DP IN AN OFF DUTY LT BLU TOYO / DEP PUGH ARGUING
                        WITH DP / IS NOW DRIVING AWAY
06:58:45 CR05 DISP-ENR 8A21 8D21
06:58:45 CR05 ID        8A21 <3002>PETE GUTIERREZ (BL)
06:58:45 CR05 ID        8D21 <3386>SAMUEL DOMINGUEZ (BL)
06:58:55 CR04 SUPP      TEXT:HEADED ON FRANCIS TOWARDS JOSE
06:59:55 CR04 SUPP      TEXT:DP WHT TANK TOP / UNK DIR NOW
07:01:25 CR05 ONSCENE   8A21
07:01:42 CR05 ONSCENE   8D21
07:02:24 CR05 BACK-OS   8A21 8B11
07:02:24 CR05 ID        8B11 <3346>MICHAEL CRONE
07:03:48 CR05 BACK-OS   8B11 8C11
07:03:48 CR05 ID        8C11 <3616>DILLAN ALVAREZ
  07:18 CR05 MISC       8B11, LT BLU CAMRY LE ARNOLD SWARZNEIGER STICKER ON
                        BACK WINDOW VEH HAS NO DMG AND IS 10851
07:07:27 CR05 BACK-ER   8B11 3S19
07:07:27 CR05 ID        3S19 <1901>JOHN HOELKER
07:09:34 CR05 MISC      8B11, CAMRY TAKEN FROM 1962 MARCO W/MARCO
07:09:51 CR05 MISC      8B11, CAMRY TAKEN FROM 1962 MARCO W/RP
07:10:30 CR05 MISC      .137, CHP ADVD
07:13:36 CR05 MISC      8B11, NOT 10851 AT THIS TIME , PLATE ON VEH 2HFX245,
                        SUBJ: RHODES GRANT 073081 . SUBJ IS HBD
07:15:48 CR05 MISC      8B11, POSS PLATE OF 2HFX245
07:16:11 CR05 MISC      8B11, VEH IS MOTHER'S NOT 10851
07:17:55 CR05 MISC      8B11, 2HXF245
07:18:09 CR05 CHGLOCOS  8C11 1936 N CROYDON AV ,CA
07:20:55 CR05 MISCX     HIT/RUN OCC'D APPROX 0658 HRS , SUSP RHODES,GRANT
                        073081 , LEFT HIS VEH AND THEN TOOK HIS MOTHER'S LIGHT
                        BLU CAMRY 2HXF245 W/ARNOLD SWARCHANEGGER(?) STICKER IN
                        THE REAR WINDOW, NOT A 10851 AT THIS TIME
07:21:56 CR05 CLEAR     8D21
07:21:59 CR05 CLEAR     8A21
07:22:16 CR05 PRIMARY   8B11
07:25:25 CR05 CHGLOCOS  8B11 1962 MARCO DR ,CA
07:38:17 CR05 CHGLOCOS  8B11 1936 N CROYDON AV ,CA
07:43:50 CR05 CLEAR     3S19
07:43:55 CR05 CASE      8C11 SO0400001898 Assigned
07:58:39 CR02 MISC      8B11, OCT 3MHG300 WHITE HONDA CIVIC
08:00:40 CR02 TOWRQST   8B11 EDDICA YES, EDDICAEDDIES TOW 8054991492 ,WHITE
                        HONDA CIVIC
08:26:12 CR02 MISC      8B11, 4TWZ998
09:00:20 CR05 CHGLOCOS  8B11 3701 LAS POSAS RD ,CA
09:00:23 CR05 CHGLOCOS  8B11 3701 LAS POSAS RD ,CA
09:24:48 CR05 CLEAR     8C11
  25:48 CT09 MISCX      8B11, HAVE D UNIT RESP TO BEST BUY IN OX AND CHK FOR
                        BLU TOYOTA CAMRY REF HIS CALL
09:26:38 CR05 BACK-ER   8B11 3S14
09:26:38 CR05 ID        3S14 <2721>DAVID MURRAY
09:26:59 CT07 SUPP      TEXT:HAVE D STA UNIT C1021 CRONE AT 388 5141 WHEN THEY
                        FIND THE VEH
```

```
Printed for: SUP173261
09:27:34 CR05 PREEMPT    3S14
09:27:34 CR05 RE-PLACE   3S14 3D11
09:27:34 CR05 ID         3D11 <2997>VINCENT REYNOSO
09:27:42 CR05 CHGLOC     3D11 LOCKWOOD ST/N ROSE AV ,OX, BEST BUY
09:34:21 CR05 ONSCENE    3D11, VEH IS 97
   34:42 CR05 MISC       3D11, RE ADV PH #
09:48:02 CR05 CLEAR      3D11, 8B CONTD
12:41:13 CR03 DUP-OF     040180277 TO 040180137
12:41:18 CR03 CHGLOC     8B11 1962 MARCO DR ,CA
12:41:30 CR03 BACK-ER    8B11 8C11
12:41:30 CR03 ID         8C11 <3616>DILLAN ALVAREZ
12:43:08 CR03 ONSCENE    8B11
12:43:11 CR03 ONSCENE    8C11
12:44:01 CR03 FNLTYPE    8B11 FINALTYPE:1049J-->20001J
12:44:57 CR03 MISC       8B11, CODE3 BAUP
12:45:05 CR03 BACK-ER    8B11 3S19
12:45:05 CR03 ID         3S19 <1901>JOHN HOELKER
12:45:10 CR03 BACK-ER    8B11 8A11
12:45:10 CR03 ID         8A11 <3776>ROBERT STEELE
12:45:30 CR03 MISC       8C11, SUBJ IN CUST
12:45:49 CR03 MISC       3S19, 10-22 CODE
12:45:53 CR03 CLEAR      8A11
12:50:06 CR03 ONSCENE    3S19
12:56:51 CR03 TRANSPRT   8B11 3291 LOMA VISTA RD ,VE
13:11:28 CR03 FNLTYPE    8B11 FINALTYPE:20001J-->20002J PRI:EJ-->2J
13:13:19 CR03 BACK-ER    8B11 3D12
13:13:19 CR03 ID         3D12 <2409>DAVID SPARKS
13:17:02 CR03 TR-CMPT    8B11
13:17:45 CR04 RCONTACT   8C11
13:19:45 CR04 BACK-ER    8B11 3S14
13:19:45 CR04 ID         3S14 <2721>DAVID MURRAY
13:22:43 CR04 PREEMPT    3S19
13:24:12 CR04 ONSCENE    3D12
13:27:06 CR04 ONSCENE    3S14
13:34:50 CR04 CHGLOCOS   8C11 CAM PD
13:49:14 CR04 RCONTACT   8B11
   55:51 CR04 RCONTACT   3D12
14:04:54 CR04 RCONTACT   3S14
14:07:54 CR04 RCONTACT   8C11
14:20:15 CR02 MISC       3S14, 1NSJ456
14:21:30 CR04 PREEMPT    3S14
14:42:22 CR04 MISCX      3D12, 10*33 VCMC VTA PD DIST IN ER ROOM
14:43:14 CR04 BACK-ER    3D12 3S14 3D52 3DK, CODE3
14:43:14 CR04 ID         3S14 <2721>DAVID MURRAY
14:43:14 CR04 ID         3D52 <3018>DAVID SCHWIEDER
14:43:14 CR04 ID         3DK <2555>CLIFFORD HARDY
14:44:05 CR04 MISC       .137, VPD ENRT CODE
14:46:30 CR04 ONSCENE    3D52
14:46:30 CR04 ONSCENE    3DK
14:46:30 CR04 ONSCENE    3S14
14:46:43 CR04 BACK-OS    3D52 3D13
14:46:43 CR04 ID         3D13 <3704>TIMOTHY SIMMEN
14:49:01 CR04 MISC       3D12, LIFT 10*33 C4
14:49:20 CR04 ONSCENEOK  3D13
14:49:20 CR04 ONSCENEOK  3D52
14:49:20 CR04 ONSCENEOK  3DK
14:49:20 CR04 ONSCENEOK  3S14
14:49:20 CR04 ONSCENEOK  8B11
14:49:20 CR04 ONSCENEOK  3D12
15:00:29 CR04 CLEAR      3DK
15:00:32 CR04 CLEAR      3D52
15:05:49 CR04 CLEAR      3S14
15:07:51 CR04 CLEAR      3D13
15:20:36 CR04 TRANSPRT   8B11 800 S VICTORIA AV ,VE
15:21:09 CR04 CLEAR      3D12
15:28:05 CR04 TR-CMPT    8B11
   32:27 CR04 DSPINFO    8B11 MAIN JAIL
   32:18 CR04 ONSCENEOK  8B11
16:33:41 CR04 MISCX      8C11, NOT AVAIL FOR REST OF SHIFT
17:11:56 CT09 MISC       .137, , SUBJ ARRESTED AND BOOKED FOR 20002PC, 23152VC,
                         148PC AND 245PC
17:54:04 CR04 CHGLOC     8B11 3701 LAS POSAS RD ,CA
17:54:34 CR05 DSPINFO    8B11 *
```

2 min
22 Sec

Printed for: SUP1/3261                                          Mon Jul 19 16:37:00 2004

```
18:11:12 CR04 ONSCENOK 8C11
18:11:54 CR05 DSPINFO  8C11  *
18:16:33 CR04 ONSCENE  8B11
18:31:47 CR04 ONSCENOK 8B11
19:02:50 CR05 CLEAR    8B11 RPT
   :09:09 CR05 CLEAR    8C11
   :09:09 CR05 CLOSE    8C11
```

```
OPERATOR ASSIGNMENTS:     CR04   2604   MICHAEL BAKER (CIT HNT)
                          CR05   2829   JOHN VOGEL (CIT)
          AS OF 07:09:34: CR05   4134   ANN CHUNG
                          CR02   4171   TAMI WEISS
                          CT09   3141   MARCI CHADICK
                          CT07   3132   LESTER TUNIGOLD
                          CR03   2579   LISA PFEIFFER
          AS OF 13:17:45: CR04   3141   MARCI CHADICK
          AS OF 13:19:45: CR04   4122   ANNETTE GARDNER
          AS OF 16:32:18: CR04   4097   ANDREA DEVERA
          AS OF 17:11:56: CT09   4122   ANNETTE GARDNER
```

EXHIBIT **D**

09/10/2009 Informal Response to Petition for Writ of Habeas Corpus sent to Judge Klopfer, Barry B chambers.

07/29/2009 Order extending time to file informal response signed by Judge Klopfer.

07/29/2009 Proof of Service attached.

07/27/2009 Request for Extension of Time filed on 07/27/09 .

07/27/2009 Order is received.

07/27/2009 (proposed) Order sent to Judge Klopfer, Barry B chambers.

07/27/2009 Request for Extension of Time sent to Judge Klopfer, Barry B chambers.

07/20/2009 Request for informal response to Petition for Writ of Habeas Corp - Proof of service attached

07/15/2009 Writ of Habeas Corpus filed.

07/15/2009 Petition for Writ of Habeas Corpus sent to Judge Klopfer, Barry B chambers.

05/14/2009 Defendant's exhibit # A , is Destroyed .

05/14/2009 Defendant's exhibit # B , is Destroyed .

1 - 50 out of 945

    05/14/2009 Defendant's exhibit # C , is Destroyed .

05/14/2009 Defendant's exhibit # D , is Destroyed .

05/14/2009 Defendant's exhibit # E , is Destroyed .

05/14/2009 People's exhibit # 1 , is Destroyed .

05/14/2009 People's exhibit # 2 , is Destroyed .

05/14/2009 People's exhibit # 3 , is Destroyed .

05/14/2009 People's exhibit # 4 , is Destroyed .

05/14/2009 People's exhibit # 5 , is Destroyed .

05/14/2009 People's exhibit # 6 , is Destroyed .

05/14/2009 Defendant's exhibit # F , is Destroyed .

05/14/2009 Defendant's exhibit # G , is Destroyed .

05/14/2009 Defendant's exhibit # H , is Destroyed .

05/14/2009 Defendant's exhibit # I , is Destroyed .

05/14/2009 Defendant's exhibit # J , is Destroyed .

05/14/2009 People's exhibit # 7 , is Destroyed .

05/14/2009 People's exhibit # 8 , is Destroyed .

05/14/2009 Defendant's exhibit # K , is Destroyed .

05/14/2009 Defendant's exhibit # L , is Destroyed .

05/14/2009 Defendant's exhibit # M , is Destroyed .

05/14/2009 Defendant's exhibit # N , is Destroyed .

05/14/2009 Defendant's exhibit # O , is Destroyed .

04/08/2009 Notice of proposed disposition of exhibits.

03/12/2009 Order on Defendant's Ex-Parte Petition for Color copies and enlargements of Defense exhibits (J&K) in Ventura County Criminal Case No. 2004002176; Payment method for these services is included. Request is denied Proof of service attached

02/11/2009 Motion for color copies and enlargement of defense exhibits J & K filed.

02/11/2009 Motion for Color copies and enlargement of defense exhibits J & k sent to Judge McGee , Kevin J chambers.

12/31/2008 NATURE OF PROCEEDINGS: ORDER REGARDING DEFENDANT'S EX-PARTE MOTION FOR ENLARGEMENT OF DEFENSE EXHIBIT 'J'

12/31/2008 The court has read, reviewed and considered Mr. Rhodes' request for enlargement of Defense Exhibit J, introduced at the trial of this action.

12/31/2008 The request is denied. If this exhibit is needed for judicial review of any planned writ of habeas corpus in this matter, Mr. Rhodes can ask the reviewing court to take judicial notice of the original item in evidence, as part of his contemplated writ. Th

12/29/2008 Motion Ex parte Motion for order for Enlargement of defense exhibit J clear identifiable color copies of marked defense exhibit. filed.

12/29/2008 Ex parte Motion for order for enlargement of defense exhibit sent to Judge McGee , Kevin J chambers.

NORTH FACILITY INCOMING  LEGAL MAIL                              12/23/2015

| CDC# | RECIPIENT | SENDER | CITY/STATE | WING | DATE | TYPE |
|------|-----------|--------|------------|------|------|------|
| V60392 | RHODES | SUPERIOR COURT | SALINAS,CA | SA310 | 1/5/2009 | |
| V60392 | RHODES | SUPERIOR COURT | VENTURA,CA | SA310 | 1/5/2009 | |
| V60392 | RHODES | ATTNY GEN | SF,CA | SA310 | 1/16/2009 | |
| V60392 | RHODES | CA INNOCENCE PROJECT | SD,CA | SA310 | 1/20/2009 | |
| V60392 | RHODES | SUPERIOR COURT | SALINAS,CA | SA310 | 2/24/2009 | |
| V60392 | RHODES | BAR ASSOC | VENTURA,CA | SA310 | 3/5/2009 | |
| V60392 | RHODES | SUP CRT | VENTURA,CA | SA310 | 3/16/2009 | |
| V60392 | RHODES | FARLEY&CASSY | VENTURA,CA | SA310 | 6/1/2009 | |
| V60392 | RHODES | SUPERIOR CRT | VENTURA,CA | SA310 | 7/23/2009 | |
| V60392 | RHODES | GERGORY TOTTEN | VENTURA,CA | SA310 | 7/29/2009 | |
| V60392 | RHODES | SUPERIOR COURT OF CA | VENTURA, CA | SA310 | 7/31/2009 | |

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**                DEPARTMENT OF CORRECTIONS AND REHABILITATION
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)    (LAST NAME)        (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| Rhodes        Grant | V-60392 | Rhod |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM____ TO____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| TB 217 | Programs | | legal mail log/incoming |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I was housed at North Yard In 2009

I would like to have a "Incoming legal mail Printout" from Jan 2009-Dec 2009, for me Grant C. Rhodes CDC # V-60392.

Enclosed is a self addressed stamp envelope for your convience.
Thank You

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**
☐ SENT THROUGH MAIL: ADDRESSED TO:_____ DATE MAILED: __/__/__
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| A. Lucero | 12/15/15 | Q. Lucero | (CIRCLE ONE) YES   NO |

| IF FORWARDED - TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CTF mailroom/legal records | 12/15/15 | (CIRCLE ONE) IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| M. Aldaco | 12/23/15 | MA | 12/23/15 |

Sir, attached is your 2nd Incoming Legal Log from 1/5/09 – 7/31/09. Nothing was logged in after.
— Mailroom CTF

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

EXHIBIT **E**

Grant C. Rhodes V-60392                                    DATE:_11/23/2015

---

Request for public information

In RE: Information request under California public records Act Ventura County Jail records/ & policy's.

Dear Captain Davidson

    Thank you again for your prompt reply providing documents, this should be the last request for basic public records.  Here is the documents list requested in sequential order.

1. I was provided two color booking photos, I believe it is policy to take three photos a face forward and each side profile, is this correct? I am requesting the Booking photograph color copy inmate Grant Charles Rhodes #1020645 photo taken on 1/18/2004, upon which shows the Left profile. "This photograph I would be asked to face the right while the picture was taken, this would photograph the left side of Grant Charles Rhodes face." Will you provide that photo?

2. The Attorney visitor history report was for when I was on appeal under a different booking # for Grant Charles Rhodes. My attorney James Farley had a non-contact visit, then sent his investigator Greg Irvine out for a Non-contact Visit a few days later. Excuse me for any inconvenience, I believe these visits were between June 2006 and June 2008.

3. Can I have incoming / outgoing legal mail log for inmate Grant Charles Rhodes #1020645 between the dates of 1/18/2004 &12/08/2004.

4. What is Ventura County jail policy for determining Height and weight? For example; Is this recorded off the drivers license information? Or is it policy to take the actual height and weight at the time of arrest, I.E. The lines on the wall of booking Photographs?

    I am writing you to request the above information, as it is to be used for legal purposes. If there is a cost per copy I would be willing to pay, please explain the cost of these documents, and also to whom the money order needs to be made payable to, I will promptly forward those fees to where they need to be sent so as I obtain the above requested documents, pursuant to the following clearly established federal and state laws.

1, Overview right to access public records

    Historically, courts have recognized a "general right to inspect and copy public records and copy public records and documents, including judicial records and documents." Nixon V. Warner Commc'ns Inc., 435 U.S. 589,597 & N. 7, 98 S. Ct. 1306, 55 L.ed.2d 570 (1978). This is a right justified by the interest of citizens in "keeping a watchful eye on the workings of public agencies." Id. At 598, 98 s. ct. 1306. Such vigilance is aided by the efforts of newspapers to" publish information concerning the operation of government" Id.

    This request is being made pursuant to the sunshine laws:

The California public records act (Gov. Code 6250 et. seq) grants access to public records" as including any writing containing information relating to the conduct. Of the public business, prepared, owned, used, or retained by any State or local agency. (Cal. Gov. Code 6252, subd. (e) . See also this request falls within the freedom of information act in accordance with Cal. Government Code 6250. & 5 U.S.C.552.

Respectfully I thank you for your attention in this important matter.

I do hereby declare under the penalty of perjury that the forgoing is true and correct and that this declaration was executed at Eloy, AZ.

Dated:11-23-2015

Grant c. Rhodes

Captain Davidson

 I am greatly appreciative for all of your professional services, this will be the final request for public records and information. Thank you for your time and have a nice day.

Sincerely,

Grant Charles Rhodes CDC# V-60392

LPCC

5501 N. La Palma Rd

Eloy AZ 85131

P.S. Can you please let me know the name of the officer you forwarded My Dispatch FOIA request too. And what unit they are at special services/support services or patrol services.



# VENTURA COUNTY
# SHERIFF'S OFFICE

- **GEOFF DEAN**
  Sheriff
- **GARY PENTIS**
  Undersheriff
- **STEVE DE CESARI**
  Assistant Sheriff
- **GUY STEWART**
  Assistant Sheriff

800 SOUTH VICTORIA AVENUE, VENTURA, CA 93009   PHONE (805) 654-2380   FAX (805) 645-1391

December 7, 2015

Mr. Grant C. Rhodes CDC# V-60392
LPCC
5501 N. La Palma Road
Eloy, AZ  85131

Re:  Public Records Act Request

Dear Mr. Rhodes:

This letter is in response to your request for information under the California Public Records Act dated November 23, 2015 and received by this office on November 30, 2015.

In an effort to be responsive to your request, the Ventura County Sheriff's Office examined our records to try to assemble the information you seek.  Unfortunately, after our review, the Sheriff's Office does not have documents responsive to your request.

1. The Sheriff's Office has already provided you with the booking photos in our possession.
2. The Sheriff's Office has already provided you with the visiting log that contains the information that you specify in your request.
3. In accordance with the Sheriff's policy on Records Retention, these jail records have been destroyed.
4. The Sheriff's Office does not have a policy on this subject.

The person responsible for the above determinations is Captain Rob Davidson.  Any further questions or communications should be directed to my office, I can be reached at (805) 648-9275.

Sincerely,

Rob Davidson, Captain
Detention Services Administration

RD:ta

☐ **SPECIAL SERVICES**
(805) 383-8791 Fax (805) 389-6549

☐ **PATROL SERVICES**
(805) 494-8260 FAX (805) 494-8295

☐ **DETENTION SERVICES**
(805) 654-2305 FAX (805) 654-3500

☐ **SUPPORT SERVICES**
(805) 654-5134 FAX (805) 677-8715

Visit Us on the Web
www.vcsd.org





IRVINE INVEST@ AOL. COM

EXHIBIT **F**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

JUDGE  KEVIN J. McGEE          DATE:  Jan. 25, 2016     TIME: _____

CLERK  Chris Smith         BAILIFF  NONE          CASE NO.  2004002176

TYPE OF CASE:  PEOPLE OF THE STATE OF CALIFORNIA   vs.

GRANT T. RHODES

---

### NATURE OF PROCEEDINGS: RULING

The court has received and considered an ex-parte pleading entitled "Notice of Motion and Motion for Full Disclosure Discovery, Material in the Possession of the People of the State of California and the Appointment of Counsel to Re-Open Cases & Production of Exculpatory Evidence Ventura Superior Court Destroyed".

This matter has been twice to the court of appeal, and the judgment affirmed. Mr. Rhodes has also filed prior motions and writs of habeas corpus that have been denied. Nothing is now presented that merits the granting of his new requests.

Accordingly, each motion or request is denied.

The clerk will give notice.

KEVIN J. McGEE
Judge of the Superior Court



**VENTURA COUNTY SHERIFF'S OFFICE**
**Detention Services Division**
**Legal Unit**

December 20, 2013

Grant Rhodes V-6C392
LPCC
5501 N. La Palma
Eloy, AZ  85131

Dear Mr. Rhodes:

This is in response to your letter reference obtaining jail records from the Ventura County Sheriff's Office. The records you requested can only be obtained through the subpoena process. Additionally, your request is too vague. If you chose to subpoena jail records, please be specific with what documents you are requesting, including more precise dates.

If you have any questions, please feel free to contact the Detention Services Legal Unit via the US mail or call 805-654-3354.

Sincerely,

Dave Lareva, Sergeant
Detention Legal Unit
Ventura County Sheriff's Office

DL:ta



# VENTURA COUNTY
# SHERIFF'S OFFICE

- **GEOFF DEAN**
  Sheriff
- **GARY PENTIS**
  Undersheriff
- **STEVE DE CESARI**
  Assistant Sheriff
- **GUY STEWART**
  Assistant Sheriff

800 SOUTH VICTORIA AVENUE, VENTURA, CA 93009   PHONE (805) 654-2380   FAX (805) 645-1391

November 16, 2015

Mr. Grant C. Rhodes CDC# V-60392
LPCC
5501 N. La Palma Road
Eloy, AZ  85131

Re:  Public Records Act Request

Dear Mr. Rhodes:

This letter is in response to your request for information under the California Public Records Act dated November 5, 2015 and received by this office on November 10, 2015.

We are including the following, which we believe is responsive to your request.  For ease of reference I have used the same numbering scheme as your letter.

1. Ventura County Sheriff's Department booking photographs for Rhodes, Grant Charles #1020645 taken on 01/18/2004.

2. Ventura County Sheriff's Department, Detention Services, Visitor History Report from 01/18/2004 to 12/08/2004 for inmate Grant Rhodes #1020645.

The person responsible for the above determinations is Captain Rob Davidson.  Any further questions or communications should be directed to my office, I can be reached at (805) 648-9275.

Sincerely,

Rob Davidson, Captain
Detention Services Administration

RD:ta

☐ **SPECIAL SERVICES**
   (805) 383-8791 Fax (805) 389-6549

☐ **PATROL SERVICES**
   (805) 494-8260 FAX (805) 494-8295

☐ **DETENTION SERVICES**
   (805) 654-2305 FAX (805) 654-3500

☐ **SUPPORT SERVICES**
   (805) 654-5134 FAX (805) 677-8715

Visit Us on the Web
www.vcsd.org

# Ventura County Sheriff's Department
## Detention Services
### Visitor History From:01/18/2004 To:12/08/2004

| Booking # / Housing Loc | Name / Current Loc | Class | Check In Date/Time / Visit Begin Date | Visitor | Currently Visiting | Elapsed Minutes | Visit End Date | DOB | # Kids | Visit Complete | Refused Visit | Clear Visit | Contact Visit | Visitor Type | Visiting Room |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 06/04/2004 15:56 / 06/04/2004 15:56 | Nelson, Dan | | 0 | | | 0 | | | | | Pastoral | MJ2SGB |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 06/30/2004 10:02 / 06/30/2004 10:02 | Farley, James | | 0 | | | 0 | | | | | Professional | MJ2SGA |
| 1020645 / TR-1-A-1-15 | Rhodes, Grant / Men's Rel | VC | 10/22/2004 08:16 / 10/22/2004 08:27 | Farley, James | ✓ | 0 | 10/22/2004 11:42 | | 0 | ✓ | | | | Attorney | TR1A |
| 1020645 / TR-1-A-1-15 | Rhodes, Grant / Men's Rel | VC | 10/22/2004 08:16 / 10/22/2004 08:27 | Oba-spence, Amy | ✓ | 0 | 10/22/2004 11:42 | | 0 | ✓ | | | | Authorized | TR1A |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 06/18/2004 08:44 / 06/18/2004 09:09 | Irvine, Greg | ✓ | 0 | 06/18/2004 09:19 | | 0 | ✓ | | | | Professional | MJ2SGA |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 06/18/2004 08:44 / 06/18/2004 09:09 | Farley, James | | 0 | 06/18/2004 09:19 | | 0 | ✓ | | | | Professional | MJ2SGA |
| 1020645 / TR-1-A-1-15 | Rhodes, Grant / Men's Rel | VC | 12/04/2004 08:37 / 12/04/2004 08:43 | Bredbenner, Michael | ✓ | 0 | 12/04/2004 09:46 | | 0 | ✓ | | | | Personal | TR1A 1 |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 05/13/2004 13:49 / 05/13/2004 13:49 | Rhodes, Christeen | | 0 | | 04/04/1953 | 0 | | | | | Personal | MJ2SGA |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 06/24/2004 14:03 / 06/24/2004 14:03 | Rhodes, Christeen | | 0 | | 04/04/1953 | 0 | | | | | Personal | MJ2SGB |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 07/11/2004 13:11 / 07/11/2004 20:58 | Rhodes, Christeen | | 0 | | 04/04/1953 | 0 | | | ✓ | | Personal | MJ2SGA |
| 1020645 / MJ-2-S -00-04 | Rhodes, Grant / Men's Rel | VC | 07/18/2004 13:30 / 07/18/2004 19:38 | Rhodes, Christeen | | 0 | | 04/04/1953 | 0 | | | ✓ | | Personal | MJ2SGB |
| 1020645 / MJ-2-S -00-12 | Rhodes, Grant / Men's Rel | VC | 01/25/2004 14:01 / 01/25/2004 16:52 | Rhodes, Christeen | ✓ | 0 | | 04/04/1953 | 0 | ✓ | | | | Personal | MJ2SGC |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 04/22/2004 13:37 / 04/22/2004 15:35 | Rhodes, Christeen | ✓ | 0 | | 04/04/1953 | 0 | ✓ | | | | Personal | MJ2SGB |
| 1020645 / MJ-4-E -1-07 | Rhodes, Grant / Men's Rel | VC | 09/09/2004 13:42 / 09/09/2004 14:38 | Rhodes, Kristen | ✓ | 0 | 09/09/2004 15:10 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ4F |
| 1020645 / MJ-4-E -1-07 | Rhodes, Grant / Men's Rel | VC | 09/26/2004 12:36 / 09/26/2004 14:47 | Rhodes, Kristen | ✓ | 0 | 09/26/2004 15:24 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ4F |
| 1020645 / MJ-4-E -1-07 | Rhodes, Grant / Men's Rel | VC | 10/03/2004 12:43 / 10/03/2004 15:38 | Rhodes, Kristen | ✓ | 0 | 10/03/2004 16:25 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ4F |
| 1020645 / TR-1-A-1-15 | Rhodes, Grant / Men's Rel | VC | 10/23/2004 08:21 / 10/23/2004 08:38 | Martinez, Adam | ✓ | 0 | 10/23/2004 09:47 | 07/19/1978 | 0 | ✓ | | | | Personal | TR1A 1 |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 04/18/2004 12:50 / 04/18/2004 14:37 | Rhodes, Kristen | | 0 | 04/18/2004 15:13 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ2SGC |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 07/01/2004 13:47 / 07/01/2004 15:25 | Rhodes, Kristen | ✓ | 0 | 07/01/2004 17:01 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ2SGC |
| 1020645 / MJ-2-S -00-13 | Rhodes, Grant / Men's Rel | VC | 07/08/2004 13:57 / 07/08/2004 14:50 | Rhodes, Kristen | ✓ | 0 | 07/08/2004 15:29 | 05/08/2008 | 0 | ✓ | | | | Personal | MJ2SGB |
| 1020645 / MJ-4-E -1-07 | Rhodes, Grant / Men's Rel | VC | 09/09/2004 13:42 / 09/09/2004 14:38 | Rhodes, Christeen | ✓ | 0 | 09/09/2004 15:10 | 04/04/1953 | 0 | ✓ | | | | Personal | MJ4F |

**Ventura County Sheriff's Department**
**Detention Services**
**Visitor History From:01/18/2004 To:12/08/2004**

| Booking # | Name | | Visitor Check In Date/Time | Currently Visiting | Elapsed Minutes | Visit End Date | Visit Complete | Refused Visit | Clear Visit | Contact Visit |
|---|---|---|---|---|---|---|---|---|---|---|
| Housing Loc | Current Loc | Class | Visit Begin Date | Visitor | | DOB | # Kids | Visitor Type | | Visiting Room |
| 1020645 | Rhodes, Grant | | 09/09/2004 15:17 | ☑ | 0 | 09/09/2004 16:17 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/09/2004 15:44 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/12/2004 13:53 | ☑ | 0 | 09/12/2004 16:15 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/12/2004 15:43 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/16/2004 13:50 | ☑ | 0 | 09/16/2004 15:35 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/16/2004 14:58 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/19/2004 12:47 | ☑ | 0 | 09/19/2004 15:17 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/19/2004 14:33 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/23/2004 13:34 | ☑ | 0 | 09/23/2004 15:22 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/23/2004 14:43 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/26/2004 12:36 | ☑ | 0 | 09/26/2004 15:24 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/26/2004 14:47 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 09/30/2004 14:01 | ☑ | 0 | 09/30/2004 15:21 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 09/30/2004 14:50 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 10/03/2004 12:43 | ☑ | 0 | 10/03/2004 16:25 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 10/03/2004 15:38 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 10/07/2004 13:58 | ☑ | 0 | 10/07/2004 15:17 | ☑ | ☐ | ☐ | ☐ |
| MJ-4-E -1 -07 | Men's Rel | VC | 10/07/2004 14:44 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ4F |
| 1020645 | Rhodes, Grant | | 10/16/2004 08:53 | ☑ | 0 | 10/16/2004 11:02 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/16/2004 09:44 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 10/23/2004 08:21 | ☑ | 0 | 10/23/2004 09:47 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/23/2004 08:38 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 10/30/2004 08:44 | ☑ | 0 | 10/30/2004 09:50 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/30/2004 08:46 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 11/06/2004 08:50 | ☑ | 0 | 11/06/2004 11:02 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/06/2004 09:49 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 11/20/2004 08:59 | ☑ | 0 | 11/20/2004 10:48 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/20/2004 09:38 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 11/27/2004 08:40 | ☑ | 0 | 11/27/2004 09:46 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/27/2004 08:42 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 12/04/2004 08:37 | ☑ | 0 | 12/04/2004 09:46 | ☑ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 12/04/2004 08:43 | Rhodes, Kristen | | 05/08/2008 | 0 | Personal | | TR1A 1 |
| 1020645 | Rhodes, Grant | | 04/18/2004 12:50 | ☐ | 0 | 04/18/2004 15:13 | ☑ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 04/18/2004 14:37 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGC |
| 1020645 | Rhodes, Grant | | 07/29/2004 15:51 | ☐ | 0 | 07/29/2004 16:42 | ☑ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 07/29/2004 16:42 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGA |
| 1020645 | Rhodes, Grant | | 04/25/2004 13:07 | ☑ | 720 | 04/26/2004 02:51 | ☐ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 04/25/2004 14:51 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGC |
| 1020645 | Rhodes, Grant | | 04/29/2004 13:43 | ☑ | 0 | 04/29/2004 15:28 | ☑ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 04/29/2004 14:58 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB |
| 1020645 | Rhodes, Grant | | 05/02/2004 12:47 | ☑ | 0 | 05/02/2004 15:59 | ☑ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/02/2004 15:27 | Rhodes, Christeen | | 04/04/1953 | 1 | Personal | | MJ2SGA |

# Ventura County Sheriff's Department
## Detention Services
### Visitor History From:01/18/2004 To:12/08/2004

| Booking # | Name | | Visitor Check In Date/Time | Currently Visiting | Elapsed Minutes | Visit End Date | | Visit Complete | Refused Visit | Clear Visit | Contact Visit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Housing Loc | Current Loc | Class | Visit Begin Date | Visitor | | DOB | # Kids | Visitor Type | | Visiting Room | |
| 1020645 | Rhodes, Grant | | 05/06/2004 13:55 | ✓ | 0 | 05/06/2004 15:29 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/06/2004 14:30 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGA | |
| 1020645 | Rhodes, Grant | | 05/09/2004 12:36 | ✓ | 0 | 05/09/2004 15:21 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/09/2004 14:51 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 05/20/2004 14:09 | ✓ | 0 | 05/20/2004 15:11 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/20/2004 14:33 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 05/23/2004 14:23 | ✓ | 0 | 05/23/2004 15:47 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/23/2004 15:14 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 05/27/2004 13:49 | ✓ | 0 | 05/27/2004 17:31 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/27/2004 14:53 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 05/30/2004 13:06 | ✓ | 0 | 05/30/2004 14:57 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 05/30/2004 14:25 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 06/27/2004 13:41 | ✓ | 0 | 06/27/2004 15:06 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 06/27/2004 14:53 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGC | |
| 1020645 | Rhodes, Grant | | 07/04/2004 13:24 | ✓ | 0 | 07/04/2004 15:48 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 07/04/2004 15:14 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 07/08/2004 13:57 | ✓ | 0 | 07/08/2004 15:29 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 07/08/2004 14:50 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | . |
| 1020645 | Rhodes, Grant | | 07/15/2004 13:53 | ✓ | 0 | 07/15/2004 19:43 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-13 | Men's Rel | VC | 07/15/2004 15:19 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 07/22/2004 14:28 | ✓ | 0 | 07/22/2004 16:40 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-06 | Men's Rel | VC | 07/22/2004 16:02 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 07/29/2004 13:45 | ✓ | 0 | 07/29/2004 15:28 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 07/29/2004 14:42 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 08/01/2004 13:16 | ✓ | 0 | 08/01/2004 16:53 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 08/01/2004 16:21 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 08/05/2004 13:49 | ✓ | 0 | 08/05/2004 15:12 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 08/05/2004 14:37 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 08/08/2004 13:24 | ✓ | 0 | 08/08/2004 15:07 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 08/08/2004 14:35 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 08/12/2004 13:47 | ✓ | 0 | 08/12/2004 15:20 | | ✓ | ☐ | ☐ | ☐ |
| MJ-2-S -00-15 | Men's Rel | VC | 08/12/2004 14:48 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | MJ2SGB | |
| 1020645 | Rhodes, Grant | | 10/16/2004 08:53 | ✓ | 0 | 10/16/2004 11:02 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/16/2004 09:44 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 10/23/2004 08:21 | ✓ | 0 | 10/23/2004 09:47 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/23/2004 08:38 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 10/30/2004 08:44 | ✓ | 0 | 10/30/2004 09:50 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 10/30/2004 08:46 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 11/06/2004 08:50 | ✓ | 0 | 11/06/2004 11:02 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/06/2004 09:49 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 11/13/2004 08:31 | ✓ | 0 | 11/13/2004 09:47 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/13/2004 08:34 | Rhodes, Christeen | | 04/04/1953 | 0 | Personal | | TR1A 1 | |

# Ventura County Sheriff's Department
## Detention Services
### Visitor History From:01/18/2004 To:12/08/2004

| Booking # | Name | | Visitor Check In Date/Time | Currently Visiting | Elapsed Minutes | Visit End Date | | Visit Complete | Refused Visit | Clear Visit | Contact Visit |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Housing Loc | Current Loc | Class | Visit Begin Date Visitor | | | DOB | # Kids | Visitor Type | | Visiting Room | |
| 1020645 | Rhodes, Grant | | 11/20/2004 08:59 | ✓ | 0 | 11/20/2004 10:48 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/20/2004 09:38 Rhodes, Christeen | | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 11/27/2004 08:40 | ✓ | 0 | 11/27/2004 09:46 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 11/27/2004 08:42 Rhodes, Christeen | | | 04/04/1953 | 0 | Personal | | TR1A 1 | |
| 1020645 | Rhodes, Grant | | 12/04/2004 08:37 | ✓ | 0 | 12/04/2004 09:46 | | ✓ | ☐ | ☐ | ☐ |
| TR-1-A -1 -15 | Men's Rel | VC | 12/04/2004 08:43 Rhodes, Christeen | | | 04/04/1953 | 0 | Personal | | TR1A 1 | |

# Ventura County Sheriffs Department

## RHODES, GRANT CHARLES

Booking #: 1020645

Charge:

Arrest Date: 1/18/2004

Birth Date: 7/3/1981

Sex: Male

Race: White

height: 5' 10"

Weight: 200

VCSD BI# : 265858



1/18/2004

FOR LAW ENFORCEMENT USE ONLY

Copyright © 2004 All rights reserved. ImageWare Systems, Inc.

# Ventura County Sheriffs Department

**RHODES, GRANT CHARLES**

Booking #: 1020645

Charge:

Arrest Date: 1/18/2004

Birth Date: 7/3/1981

Sex: Male

Race: White

height: 5' 10"

Weight: 200

FOR LAW ENFORCEMENT USE ONLY

**VCSD BI#: 265858**



1/18/2004

Copyright @ 2004 All rights reserved. ImageWare Systems, Inc.

1  a continuation of what he had demonstrated from earlier

2  in the morning, that is, his belief that he was going to

3  be taken to jail as a result of having been involved in

4  the hit-and-run accident that occurred out there on

5  Croydon Avenue.

6          Then there were several civilian witnesses

7  present at the location of the accident who heard

8  Mr. Rhodes make that comment that he was not going to go

9  to jail, that he said it several times.  That was

10  reported by Mr. Crawford.  The Court finds him, obviously,

11  an unbiased, uninterested party and very credible and that

12  what had been ongoing since that moment when Mr. Rhodes

13  left the scene of the accident, having returned with his

14  mom, was basically a continuation of his determination not

15  to be, in his mind, arrested and sent to jail for what had

16  occurred.

17          And the Court is not persuaded by

18  Mrs. Rhodes's testimony as to the sequence of events at

19  the home for a variety of reasons, including the

20  statements attributed to her that day by Deputy Alvarez

21  and also the observations of Kristen Rhodes as to the

22  location of the struggle being in the family room that

23  occurred.

24          Mrs. Rhodes's testimony was that the struggle

25  had begun on the concrete patio, that Grant's face was

26  being driven into the concrete by Deputy Crone while

27  this was ongoing and Deputy Crone then picked him up and

28  somehow got him into the family room.

1    I'm not persuaded that that occurred as she
2    described it.  I'm persuaded that in fact it occurred the
3    way Deputy Alvarez described it, that is, that he swept
4    Grant's legs out from under him and they tumbled into the
5    family room that morning.
6         And the Court does find that the event
7    occurred just as Deputy Crone described, that is, he saw
8    Mrs. Rhodes standing on the patio a short distance from
9    the sliding glass door, speaking in the direction of the
10   wall as if somebody was located in that vicinity; and that
11   as he, Deputy Crone, stepped out of that door onto the
12   patio, the defendant was standing there two to three feet
13   away from him with the gun in his right hand and that the
14   defendant then pivoted in Deputy Crone's direction and
15   raised that firearm and pointed it at Deputy Crone and
16   that Deputy Crone then immediately reacted, as he
17   testified, by bear-hugging the defendant before that gun
18   was fired, thankfully.
19        And it does appear to the Court that under
20   the law, that -- and as I'm finding in this particular
21   case, that action was taken by Mr. Rhodes -- and I believe
22   the evidence is compelling in this regard -- in an effort
23   to, in his mind, prevent Deputy Crone from taking him into
24   custody, whether or not Deputy Crone in fact was going to
25   be doing that at that particular time.  But that's the
26   reason why that gun was pointed.  I believe the evidence
27   is very clear to the Court on that point.
28        The whole incident didn't last that long

**ER** 81062

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DATE 1-18-04 | PROVIDER | | MEANS OF ARRIVAL BY WHOM TRANSPORTED □ POV □ AMB □ LAW ENF □ BASE CONTACT | | | PMD (NOTIFIED) Y N | TRIAGE NURSE SIG | | | E.R. 30 | LOG # 60 |
| Triage | Reg 335 | Logged 335 | Assess 335 | MD 350 | DC 515 | Age 22 | Sex M | Bed 7 |
| Temp 97 | RR 20 | | BP | P | BP | OFC | Ht | BWt |
| LMP | Other | | Sab | Tab | | Ectopic | VOD | VOS | VOU |

**TRIAGE ASSESSMENT** Medical Clearance

denies vomiting, c/o neck pain "whiplash"

had a pint of EtOH PTA

**ALLERGIES/REACTION:**

**MEDICATIONS:**

**TETANUS:** unknown

**RN NOTES**

| Time | T | P | BP | RESP | I&O | PAIN |
|---|---|---|---|---|---|---|

pt states noted to face, nose, &
other signs noted to back of face
back obtained dark when pt was
to jail c VSS.

Nurse Sig

---

| SKIN | MENTAL STATE | RESPIRATORY | CARDIOVASCULAR □ N/A | GLASGOW COMA SCALE | TIME: | TREATMENT IN PROGRESS ON ARRIVAL |
|---|---|---|---|---|---|---|
| **Temperature** □ Normal □ Hot □ Cool | ☑ Conscious □ Oriented x □ Disoriented | □ Airway Patent ☑ Labored □ Clear □ Rales | **Peripheral Pulse** □ Strong □ Weak □ Regular □ Irregular | **EYES:** Spontaneously 4 4 4 | | □ CPR □ Airway BLS □ Airway ALS □ IV □ Monitor |
| **Moisture** □ Normal □ Dry □ Diaphoretic | □ Unconscious □ Responds to Verbal □ Responds to Pain □ No Response | □ Ronchi □ Wheezes | **Peripheral Edema** □ Absent □ Present | To Verbal Commands 3 3 3 3, To Pain 2 2 2 2, No Response 1 1 1 1 | | □ Splint □ Pressure Dressing □ Dressing □ Oxygen □ C-Spine Precautions |
| **Color** □ Normal □ Pale □ Cyanotic □ Jaundice | □ Other Behavior: | **ABDOMEN** □ N/A □ Soft □ Distended □ Tender □ Rigid | **Rhythm** □ Normal Sinus □ Strip Attached | **MOTOR:** Obeys 6 6 6, Localizes Pain 5 5 5, Flexion/Withdrawal 4 4 4, Flexion/Abnormal 3 3 3, Extension 2 2 2, No Response 1 1 1 | | **MEANS OF ARRIVAL** □ Carried □ Wheelchair □ Ambulatory **EXTREMITIES** |
| | **PUPILS** ☑ PERL □ Unequal □ Dilated □ Pinpoint | □ Bowel Sounds □ Present □ Absent □ Nausea □ Emesis Stools: | | **VERBAL:** Oriented & Converses 5 5 5, Disoriented & Converses 4 4 4, Inappropriate Words 3 3 3, Incomprehensible Sounds 2 2 2, No Response 1 1 1 | | |

| Lab Tests: | Time Ordered/Int | Orders | Done/Initial | Time Ordered | Medications | Done/Initial |
|---|---|---|---|---|---|---|
| | | IVF | | | | |
| | | NGT/OGT | | | | |
| | | Urinary Catheter | | | | |
| | | O2 @ | | | | |
| Cultures: | | EKG | | | | |
| | | Cardiac Monitor | | | | |
| UA Clean Catch/Cath Dip: SG Leuk Nitrite Bld Protein Ket Glu | | Accucheck | | | | |
| Urine Pregnancy: Positive/Negative | | | | | | |
| RA SaO2 | ABG On | | | | | |
| Imaging/Indication | | | | | | |

Cervical spine 5v neck

Resident Sig.                    PA/NP                    Attending M.D.

---

VENTURA COUNTY MEDICAL CENTER

**EMERGENCY DEPARTMENT**

VCMC-388-1 (Rev. 02/2001)

| | |
|---|---|
| NAM | RHODES, GRANT |
| CHT | M 07/30/81 000712599 |
| D.O. | 04018-00067AB NOF INF |

ACUITY
1
2
3
4
5

ER 81062

**Chief Complaint:** neck

**HPI: Obtained From (List All):** Pt, Spouse, Parent, Child, Paramedic, Caretaker, Other:

**Quality of Historian(s):** poor

**Patient Unable to Give Reliable History Because:**

Location/Radiation:

Quality:

Quantity:

Duration:

Timing/Onset:

Exacerbated/Alleviated By:

Context:

Associated Signs/Symptoms:

History of This Before/Previous Workup:

**Past Medical History:** ☐ Old Medical Records Reviewed ☐ Medications Reviewed ☐ Allergies Reviewed

Medical Problems: CAD CHF/Cardiomyopathy   HTN   COPD/Asthma   DM Chronic Hepatitis   PUD   GERD   Renal Failure/Dialysis   CVA   Sz   CA   Vasculopathy

Pediatric: Term/Preterm, NSVD/C-Section   Developmental: NI/Delayed   Immunizations: DPT   Hib   MMR   Varicella   Records Reviewed

Surgeries:

Family Hx: Not Contributory

Social Hx: Marital/Sexual (Single, Married, Significant Other, Sexually Active, Multiple Partners, Homosexual)

Employment:

Living Sit. (Homeless/B&C/Nursing Home/Lives With: Alone, Family, Caregiver)   Ill Contacts:   Travel:

Tobacco/Smoke Exposure   EtOH   Drugs   IVDA

**ROS:** Pertinent Positives/Negatives in HPI; Other Systems Reviewed and Are Negative Unless Circled. Slash = No Complaint

Unobtainable Because:

Constitutional: Fever, Rigors, Malaise, Weight Change ↑ ↓, weakness

Eye: Diplopia, Blurring, Tearing, Redness, Pain, Visual Disturbance, Foreign Body Sensation, Discharge, Ptosis, Pruritis

ENT: Rhinorrhea, Epistaxis, Hearing Loss/Aid, Tinnitis, Sore Throat, Earache, Ear Drainage, Hoarseness, Neck Mass

Cardiovascular: Angina, Palpitations, Orthopnea, PND, DOE, Edema, Syncope, Orthostatic, Light-Headed, Claudication

Respiratory: SOB, Cough, Sputum (Purulent/Clear), Pleurisy, Wheezing, Hemoptysis

GI: Nausea, Vomiting (Clear/Bile/Coffee Grounds/Frank Blood/Feculent) Constipation, Diarrhea (Watery, Dysentery, Mucoid, Steatorrhea), Tenesmus, Heartburn, Dysphagia, Rectal Bleeding, Melena, Abdominal Pain:   Anorexia

GU: Dysuria, Urgency, Frequency, Flank Pain, Hematuria, Hernia, Penile Discharge, Scrotal Pain, Retention, Incontinence

GYN: Vaginal Bleeding, Menorrhagia, Vaginal Discharge, Pelvic Pain

LMP:

Musculoskeletal: Neck/Back/Extremity Pain, Joint Pain, Myalgias, Fracture

Integumentary: Rash, Jaundice, Pruritis, Diaphoresis

Neurological: LOC, Headache, Vertigo, Weakness, Dysarthria, Aphasia, Paresthesias, Seizures, Altered Mental Status, Confusion, Delirium, Sciatica, Radiculopathy, Ataxia, Disequilibrium

Psychiatric: Depression, Hallucinations (Auditory/Visual), Delusions, Suicidal Ideation/Intent, Psychosis, Anxiety, Substance Abuse/Addiction, Dementia, Manic Sx's, Borderline

Hematologic/Lymphatic: Anemia, Easy Bruising, Poor Clotting, Enlarge Nodes

Allergic/Immunological: Urticaria, Allergies, Immune Compromise, Allergic Rhinitis, History of Anaphylaxis to:

Endocrine: Polyuria, Polydipsia, Weight Changes, Sx's Hyper or Hypothyroidism

**ED Course/Provisional Differential Diagnoses/Plans/Procedures/Consultations/Medical Decision Making**

Critical Care Time Not Including Procedures: <30, 30-74, 75-104, 105-134, 135-164, 165-194 Minutes

Procedures (Note Below):   Arthrocentesis   Cardioversion   Central Venous Line   Chest Tube   Conscious Sedation   CPR   Ear Canal Cerumen Removal   Defibrillation   Endotracheal Intubation   External Jugular Line   I&D/Debridement of Wound   Joint Injection   Ingrown Toenail Removal   Lumbar Puncture   Nasal Pack (Anterior/Posterior)   Nerve/Hematoma Block   Paracentesis   Peritonsillar Abscess I&D   Reduction of Fracture/Dislocation   Skin Biopsy   Splint   Thoracentesis

Laceration Repair:   Anesthesia   Irrigation   Explored/Foreign Body   Repair   Dermabond

Time | Attending Supervise

**Emergency Department Attending Physician Documentation** ☐ Note Dictated ☐ See Separate Note

I Have Supervised Resident Physician/Medical Student/Nurse Practitioner/Physician Assistant and Directed the Medical Decision Making Involved in This Patient's Care
I Personally Interviewed and Examined This Patient. I Agree With This Provider's Findings as Documented and Summarized/Supplemented/Revised by the Following

History: Agree with Above

Physical Exam:

Diagnostic Data Reviewed:

MDM/ED Course:

Impression:

Plan of Care:

Initial Resident | Initial NP/PA | Initial Attending

**VENTURA COUNTY MEDICAL CENTER**

**EMERGENCY DEPARTMENT**

RHODES, GRANT
M 07/30/81  000712599
04018-00067AB  NOF INF

VCMC-388-1 (Rev. 02/2001)

243

10

1      A      We made eye contact and he started turning

2   towards me from basically right to left as he was

3   standing and I -- as he was turning, I could see him

4   starting to raise his hand with a black handgun in his

5   hand, raising it in my direction.

6      Q      When you saw him raise the handgun, what did

7   you do?

8      A      I immediately -- basically tackled him for

9   lack of a better term, and pinned his arms to his side to

10  keep him from raising the gun completely at me.

11     Q      Now, I believe you mentioned earlier, when

12  you first walked outside and saw him, you said it was two

13  feet distance?

14     A      Yes.  Approximately two feet.

15     Q      When you say you grabbed him, what fashion

16  did you grab him?

17     A      I reached out with my right arm, grabbed his

18  left arm and then basically bear hug for     we were

19  basically chest to chest and I was trying to pin both his

20  arms to his sides.

21     Q      Why did you grab him?

22     A      Because he was raising a gun at me.

23     Q      How high did the defendant actually raise

24  the gun?

25     A      I'd say he didn't quite -- just below his

26  waistline, 70 degrees.

27     Q      Okay.

28     MR. DRESCHER:  Your Honor, with the Court's

37

**NARRATIVE REPORT** VENTL    **COUNTY SHERIFF'S DEPARTMEN'**
Page 1 of 3    Continuation    AGENCY IDENTIFIER CA0560000

| | | | | | | 1 RD | 2 BEAT | 3 RB NUMBER | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | 8133 | 8B | 04 - 1898 | |

| 4 CODE | 5 ITEM | 6 QTY. | 7 ITEM NAME | 8 BRAND / MAKE MANUFACTURER | 9 MODEL NAME OR NUMBER | 10 MISC. DESCRIPTION | 11 IDENTIFICATION / SERIAL NUMBER | 12 VALUE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### SUPPLEMENTAL REPORT

| CONNECTING REPORT NUMBERS | | R.D. 8133 | BEAT 8B | RB NUMBER 04-1898 |
|---|---|---|---|---|

☐ DOMESTIC   ☐ CHILD ABUSE   ☐ HATE   ☐ GANG   ☐ ELDERLY ABUSE   ☐ (Other)

| CODE SECTION / DESCRIPTION (INCIDENT) | CLASS | CODE SECTION / DESCRIPTION (INCIDENT) | CLASS |
|---|---|---|---|
| 245(d)(1)PC/ ADW | ☐ Misd. ☒ Fel. | 148(a)PC/resist arrest | ☒ Misd. ☐ Fel. |
| 20002(a)VC/ hit n run | ☒ Misd. ☐ Fel. | 23152(a)VC | ☒ Misd. ☐ Fel. |

| CODE A | NAME ( Last, first, middle, Generation ) / FIRM NAME  Rhodes, Grant Charles | AKA / Moniker |
|---|---|---|

PROPERTY CLASSIFICATION CODES
E - EVIDENCE   RC-RECOVERED PROPERTY
SK-SAFEKEEPING   SP-STOLEN PROPERTY
FP-FOUND PROPERTY

PROPERTY CODES
A-CURRENCY / NOTES      D-VEHICLE      G-FIREARMS      J-LIVESTOCK
B-JEWELRY/PRECIOUS METALS   E-OFFICE EQUIPMENT   H-HOUSEHOLD GOODS   K-MISC.
C-CLOTHING / FURS      F-ELECTRONIC EQUIP.   I-CONSUMABLE GOODS

| CODE | ITEM | QTY. | ITEM NAME | BRAND / MAKE MANUFACTURER | MODEL NAME OR NUMBER | MISC. DESCRIPTION | IDENTIFICATION / SERIAL NUMBER | VALUE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

On 1/18/04, I was investigating a hit and run that occurred earlier in the day. I received information from Grant's mother Chris that he returned home. Deputy Alvarez and I drove to 1962 Marco Drive for the purpouses of interviewing Grant about traffic collision.

I stopped my patrol car and contacted Grant's sister Kirsten in the front yard. Kirsten told me Grant was in the house. Deputy Alvarez and I walked up to the front door. Kirsten called out to me and advised me that her Rottweiler dog was in the house. Kirsten entered the house in front of us and was securing the dog when I heard yelling from the back yard.

I entered the house and worked my way through the house towards the back yard. As I turned towards the rear sliding glass door, I saw Chris just outside the door and looking to the south. I neared the threshold as Chris said, "Don't do it! Give me the gun!" I looked out the door and saw Grant standing facing towards Chris. Chris glanced towards me then back to Grant. Grant looked at me making eye contact with me. Grant then turned towards me and I noticed he was raising his right hand towards me. I saw out of the corner of my eye a revolver in Grant's right hand. Grant was approximately two feet from me. I immediately reacted and lunged towards Grant. I attempted to secure Grants hands to his side. Grant and I were chest to chest and I could not see his hands. Grant immediately began struggling with me.

I heard Deputy Alvarez request Code-3 back up and then assist me in attempting to apprehend Grant. During the struggle, we all fell to the ground in the living room. Grant was on his stomach and I was attempting to put his left arm behind his back. At this point I still did not know where the gun was. Deputy Alvarez was attempting to secure Grant's right arm but Grant continued to resist. I lost control of Grant's let arm and he was attempting to get up. I could see that Deputy Alvarez was not having any success with Grant's right arm. At this point, I felt we

000022

| 13 DATE / TIME OF REPORT  1/18/04    2300 | 14 REPORTING OFFICER / ID NO / DIV / UNIT  Olcone 3346/1023 /cam | 15 APPROVED BY / ID NO.  Sgr. M/ 1438 |
|---|---|---|

Narrative (Computer)

NARRATIVE REPORT  VEN\   \ COUNTY SHERIFF'S DEPARTME

Page _1_ of _3_    Continuation

AGENCY IDENTIFIER CA0560000

**89**

| 1 RD 8133 | 2 BEAT 3B | 3 RD NUMBER 2004-1898 |

| 4 CODE | 5 ITEM | 6 QTY. | 7 ITEM NAME | 8 BRAND / MAKE MANUFACTURER | 9 MODEL NAME OR NUMBER | 10 MISC. DESCRIPTION | 11 IDENTIFICATION / SERIAL NUMBER | 12 VALU |
|---|---|---|---|---|---|---|---|---|

On 1-18-04, I was working uniformed patrol in the city of Camarillo. At approximately 1243 hours, I responded to 1962 Marco Drive at the request of Deputy Crone. Deputy Crone received a call at the Camarillo Police station advising him that the suspect (A) Grant Rhodes, who was wanted for 20002 (a) CVC (Hit and Run), which occurred earlier in the morning, was at the location. Deputy Crone advised Sheriff's Dispatch that he was en route, and requested I respond as well.

Deputy Crone and I arrived at the house at the same time. Upon my arrival, I saw (P-2) Michael Bredbenner standing in the front yard. Bredbenner is Grant's sister's (P-2 Kristen Rhodes) boyfriend. Bredbenner told Deputy Crone and I that he thought Grant was trying to jump the fence in the backyard. I also heard a female yelling in the backyard, but I could not understand what she was saying. I ran to the gate on the north side of the house and looked over the fence, but was not able to see anyone in the backyard.

I saw Deputy Crone enter the front door, and followed him in the house. As I entered the house, I saw Kristen in the hallway attempting to restrain her dog. I looked to my left toward the living room, and saw Deputy Crone in the backyard, approximately two feet from the threshold of the doorway to the backyard. Deputy Crone had his arms wrapped around Grant's arms and body, and Grant was squirming wildly attempting to break free from Deputy Crone. Grant's body was positioned so he was facing Deputy Crone, and was chest to chest with him. I ran to assist Deputy Crone and requested code-3 back up to our location via the shoulder mic of my radio.

I grabbed Grant's arms and attempted to take Grant to the ground. Grant struggled and stiffened his body, making it difficult to take him down. Grant was flexing his arms and attempting to swing them forward, while yelling, "fuck you, leave me alone" at Deputy Crone and I. I kicked Grants left leg from under him, and attempted to pull him downward. Grant, Deputy Crone and I, fell through the threshold of the door, and landed on the living room floor. Grant fell facing forward. I landed on top of Grant and straddled his back. Grant continued struggling, and was attempting to get up. Grant's arms were underneath him. Deputy Crone was able to get Grant to loosen his arms by applying a lateral vascular neck restraint on Grant. Once Grant loosened his arms, Deputy Crone pulled Grants right arm back while I pulled his left arm toward his right arm. Deputy Crone handcuffed Grant while I held Grant's arms in place.

000025

| 13 DATE / TIME OF REPORT 1-18-04 / 1243 | 14 REPORTING OFFICER / ID NO / DIV / UNIT ALVAREZ / 3516 /VCFS / CAM | 15 APPROVED BY ID NO SG. /W 1438 |

| NARRATIVE REPORT VEN\ \ COUNTY SHERIFF'S DEPARTME\ | | | 1 RD 8133 | 2 BEAT 8B | 3 RB NUMBER 2004-1895 | | 89 |
|---|---|---|---|---|---|---|---|
| Page 1 of 3      Continuation | | AGENCY IDENTIFIER CA0560000 | | | | | |

| 4 CODE | 5 ITEM | 6 QTY. | 7 ITEM NAME | 8 BRAND / MAKE MANUFACTURER | 9 MODEL NAME OR NUMBER | 10 MISC. DESCRIPTION | 11 IDENTIFICATION / SERIAL NUMBER | 12 VALU |
|---|---|---|---|---|---|---|---|---|

On 1-18-04, I was working uniformed patrol in the city of Camarillo.  At approximately 1243 hours, I responded to 1962 Marco Drive at the request of Deputy Crone.  Deputy Crone received a call at the Camarillo Police station advising him that the suspect (A) Grant Rhodes, who was wanted for 20002 (a) CVC (Hit and Run), which occurred earlier in the morning, was at the location.  Deputy Crone advised Sheriff's Dispatch that he was en route, and requested I respond as well.

Deputy Crone and I arrived at the house at the same time.  Upon my arrival, I saw (P-2) Michael Bredbenner standing in the front yard.  Bredbenner is Grant's sister's (P-2 Kristen Rhodes) boyfriend.  Bredbenner told Deputy Crone and I that he thought Grant was trying to jump the fence in the backyard.  I also heard a female yelling in the backyard, but I could not understand what she was saying.  I ran to the gate on the north side of the house and looked over the fence, but was not able to see anyone in the backyard.

I saw Deputy Crone enter the front door, and followed him in the house.  As I entered the house, I saw Kristen in the hallway attempting to restrain her dog.  I looked to my left toward the living room, and saw Deputy Crone in the backyard, approximately two feet from the threshold of the doorway to the backyard.  Deputy Crone had his arms wrapped around Grant's arms and body, and Grant was squirming wildly attempting to break free from Deputy Crone.  Grant's body was positioned so he was facing Deputy Crone, and was chest to chest with him.  I ran to assist Deputy Crone and requested code-3 back up to our location via the shoulder mic of my radio.

I grabbed Grant's arms and attempted to take Grant to the ground.  Grant struggled and stiffened his body, making it difficult to take him down.  Grant was flexing his arms and attempting to swing them forward, while yelling, "fuck you, leave me alone" at Deputy Crone and I.  I kicked Grants left leg from under him, and attempted to pull him downward.  Grant, Deputy Crone and I, fell through the threshold of the door, and landed on the living room floor.  Grant fell facing forward.  I landed on top of Grant and straddled his back.  Grant continued struggling, and was attempting to get up.  Grant's arms were underneath him.  Deputy Crone was able to get Grant to loosen his arms by applying a lateral vascular neck restraint on Grant.  Once Grant loosened his arms, Deputy Crone pulled Grants right arm back while I pulled his left arm toward his right arm.  Deputy Crone handcuffed Grant while I held Grant's arms in place.

000025

| 13 DATE / TIME OF REPORT 1-18-04 / 1243 | 14 REPORTING OFFICER / ID NO / DIV / UNIT ALVAREZ /3616/ WCPS / CAM | 15 APPROVED BY ID NO Sgt. /W 1438 |
|---|---|---|

REV 7/02                                                                                                          Narrative (Con.

```
Printed for: SUP1/3261                                      Mon Jul 19 16:37:00 200
INCIDENT HISTORY DETAIL:  S040180137

INITIATE: 06:57:07  01/18/04    CALL NUMBER:      S0137
ENTRY:    06:58:05             CURRENT STATUS:   CLOSED
DISPATCH: 06:58:45             PRIMARY UNIT:     8B11
  SCENE:  07:01:25             CASE NUMBER:      SO0400001898
  OSE:    19:09:09             DISPOSITION:      RPT


LOCATION: 1936 N CROYDON AV ,CA (FRANCIS AV & E CROYDON)
LOCATION COMMENTS:
AREA:      WEST
BEAT:      8B01 MAP PAGE: 494-H7  OLD TYPE: 1049J  FINAL: 20002J NO INJ H/R J/OCC
RD:        8133                   PRIORITY: 2  (JUST OCCURRED)


06:58:05 CR04 ENTRY      TEXT:VEH INTO A PARKED CAR / WHT HONDA VS PARKED CAR /
                         THERE IS AN OFF DUTY OFFICER ON SCENE / RUNNINGN FROM
                         DEO \SOURCE:RESD
06:58:05 CR04 E911       LOCATION:1936 N CROYDON AV \PHONE:805/987-9762
                         COMP:CRAWFORD, KAREN \DATE:01-18 \TIME:06:56:--
06:58:43 CR04 SUPP       TEXT:DP IN AN OLDER LT BLU TOYO / DEP PUGH ARGUING
                         WITH DP / IS NOW DRIVING AWAY
06:58:45 CR05 DISP-ENR 8A21 8D21
06:58:45 CR05 ID         8A21 <3002>PETE GUTIERREZ (BL)
06:58:45 CR05 ID         8D21 <3386>SAMUEL DOMINGUEZ (BL)
06:58:55 CR04 SUPP       TEXT:HEADED ON FRANCIS TOWARDS JOSE
06:59:55 CR04 SUPP       TEXT:DP WHT TANK TOP / UNK DIR NOW
07:01:25 CR05 ONSCENE    8A21
07:01:42 CR05 ONSCENE    8D21
07:02:24 CR05 BACK-OS    8A21 8B11
07:02:24 CR05 ID         8B11 <3346>         CRONE
07:03:48 CR05 BACK-OS    8B11 8C11
07:03:48 CR05 ID         8C11 <3616>DILLAN ALVAREZ
 07:18 CR05 MISC         8B11, LT BLU CAMRY LE ARNOLD SWARZNEIGER STICKER ON
                         BACK WINDOW VEH HAS NO DMG AND IS 10851
07:07:27 CR05 BACK-ER    8B11 3S19
07:07:27 CR05 ID         3S19 <1901>JOHN HOELKER
07:09:34 CR05 MISC       8B11, CAMRY TAKEN FROM 1962 MARCO W/MARCO
07:09:51 CR05 MISC       8B11, CAMRY TAKEN FROM 1962 MARCO W/RP
07:10:30 CR05 MISC       .137, CHP ADVD
07:13:36 CR05 MISC       8B11, NOT 10851 AT THIS TIME , PLATE ON VEH 2HFX245,
                         SUBJ: RHODES GRANT 073081 . SUBJ IS HBD
07:15:48 CR05 MISC       8B11, POSS PLATE OF 2HFX245
07:16:11 CR05 MISC       8B11, VEH IS MOTHER'S NOT 10851
07:17:55 CR05 MISC       8B11, 2HXF245
07:18:09 CR05 CHGLOCOS   8C11 1936 N CROYDON AV ,CA
07:20:55 CR05 MISCX      HIT/RUN OCC'D APPROX 0658 HRS , SUSP RHODES,GRANT
                         073081 , LEFT HIS VEH AND THEN TOOK HIS MOTHER'S LIGHT
                         BLU CAMRY 2HXF245 W/ARNOLD SWARCHANEGGER(?) STICKER IN
                         THE REAR WINDOW, NOT A 10851 AT THIS TIME
07:21:56 CR05 CLEAR      8D21
07:21:59 CR05 CLEAR      8A21
07:22:16 CR05 PRIMARY    8B11
07:25:25 CR05 CHGLOCOS   8B11 1962 MARCO DR ,CA
07:38:17 CR05 CHGLOCOS   8B11 1936 N CROYDON AV ,CA
07:43:50 CR05 CLEAR      3S19
07:43:55 CR05 CASE       8C11 SO0400001898 Assigned
07:58:39 CR02 MISC       8B11, OCT 3MHG300 WHITE HONDA CIVIC
08:00:40 CR02 TOWRQST    8B11 EDDICA YES, EDDICAEDDIES TOW 8054991492 ,WHITE
                         HONDA CIVIC
08:26:12 CR02 MISC       8B11, 4TWZ998
09:00:20 CR05 CHGLOCOS   8B11 3701 LAS POSAS RD ,CA
09:00:23 CR05 CHGLOCOS   8B11 3701 LAS POSAS RD ,CA
 :24:48 CR05 CLEAR       8C11
  25:48 CT09 MISCX       8B11, HAVE D UNIT RESP TO BEST BUY IN OX AND CHK FOR
                         BLU TOYOTA CAMRY REF HIS CALL
09:26:38 CR05 BACK-ER    8B11 3S14
09:26:38 CR05 ID         3S14 <2721>DAVID MURRAY
09:26:59 CT07 SUPP       TEXT:HAVE D STA UNIT C1021 CRONE AT 388 5141 WHEN THEY
                         FIND THE VEH
```

```
Printed for: SUP1/3261                                          Mon Jul 19 16:37:00 20(
 09:27:34 CR05 PREEMPT    3S14
 09:27:34 CR05 RE-LINE    3S14 3D1
 09:27:34 CR05 ID         3D11 <2997>VINCENT REYNOSO
 09:27:42 CR05 CHGLOC     3D11 LOCKWOOD ST/N ROSE AV ,OX, BEST BUY
 09:34:21 CR05 ONSCENE    3D11, VEH IS 97
    34:42 CR05 MISC       3D11, RE ADV PH #
 09:48:02 CR05 CLEAR      3D11, 8B CONTD
 12:41:13 CR03 DUP-OF     040180277 TO 040180137
 12:41:18 CR03 CHGLOC     8B11 1962 MARCO DR ,CA
 12:41:30 CR03 BACK-ER    8B11 8C11
 12:41:30 CR03 ID         8C11 <3616>DILLAN ALVAREZ
 12:43:08 CR03 ONSCENE    8B11
 12:43:11 CR03 ONSCENE    8C11
 12:44:01 CR03 FNLTYPE    8B11 FINALTYPE:1049J-->20001J
 12:44:57 CR03 MISC       8B11, CODE3 BAUP
 12:45:05 CR03 BACK-ER    8B11 3S19
 12:45:05 CR03 ID         3S19 <1901>JOHN HOELKER
 12:45:10 CR03 BACK-ER    8B11 8A11
 12:45:10 CR03 ID         8A11 <3776>ROBERT STEELE
 12:45:30 CR03 MISC       8C11, SUBJ IN CUST
 12:45:49 CR03 MISC       3S19, 10-22 CODE
 12:45:53 CR03 CLEAR      8A11
 12:50:06 CR03 ONSCENE    3S19
 12:56:51 CR03 TRANSPRT   8B11 3291 LOMA VISTA RD ,VE
 13:11:28 CR03 FNLTYPE    8B11 FINALTYPE:20001J-->20002J PRI:EJ-->2J
 13:13:19 CR03 BACK-ER    8B11 3D12
 13:13:19 CR03 ID         3D12 <2409>DAVID SPARKS
 13:17:02 CR03 TR-CMPT    8B11
 13:17:45 CR04 RCONTACT   8C11
 13:19:45 CR04 BACK-ER    8B11 3S14
 13:19:45 CR04 ID         3S14 <2721>DAVID MURRAY
 13:22:43 CR04 PREEMPT    3S19
 13:24:12 CR04 ONSCENE    3D12
 13:27:06 CR04 ONSCENE    3S14
 13:34:50 CR04 CHGLOCOS   8C11 CAM PD
    49:14 CR04 RCONTACT   8B11
    55:51 CR04 RCONTACT   3D12
 14:04:54 CR04 RCONTACT   3S14
 14:07:54 CR04 RCONTACT   8C11
 14:20:15 CR02 MISC       3S14, 1NSJ456
 14:21:30 CR04 PREEMPT    3S14
 14:42:22 CR04 MISCX      3D12, 10*33 VCMC VTA PD DIST IN ER ROOM
 14:43:14 CR04 BACK-ER    3D12 3S14 3D52 3DK, CODE3
 14:43:14 CR04 ID         3S14 <2721>DAVID MURRAY
 14:43:14 CR04 ID         3D52 <3018>DAVID SCHWIEDER
 14:43:14 CR04 ID         3DK <2555>CLIFFORD HARDY
 14:44:05 CR04 MISC       .137, VPD ENRT CODE
 14:46:30 CR04 ONSCENE    3D52
 14:46:30 CR04 ONSCENE    3DK
 14:46:30 CR04 ONSCENE    3S14
 14:46:43 CR04 BACK-OS    3D52 3D13
 14:46:43 CR04 ID         3D13 <3704>TIMOTHY SIMMEN
 14:49:01 CR04 MISC       3D12, LIFT 10*33 C4
 14:49:20 CR04 ONSCENOK   3D13
 14:49:20 CR04 ONSCENOK   3D52
 14:49:20 CR04 ONSCENOK   3DK
 14:49:20 CR04 ONSCENOK   3S14
 14:49:20 CR04 ONSCENOK   8B11
 14:49:20 CR04 ONSCENOK   3D12
 15:00:29 CR04 CLEAR      3DK
 15:00:32 CR04 CLEAR      3D52
 15:05:49 CR04 CLEAR      3S14
 15:07:51 CR04 CLEAR      3D13
 15:20:36 CR04 TRANSPRT   8B11 800 S VICTORIA AV ,VE
 15:21:09 CR04 CLEAR      3D12
 15:28:05 CR04 TR-CMPT    8B11
    32:27 CR04 DSPINFO    8B11 MAIN JAIL
    32:18 CR04 ONSCENOK   8B11
 16:33:41 CR04 MISCX      8C11, NOT AVAIL FOR REST OF SHIFT
 17:11:56 CT09 MISC       .137, , SUBJ ARRESTED AND BOOKED FOR 20002PC, 23152VC,
                          148PC AND 245PC
 17:54:04 CR04 CHGLOC     8B11 3701 LAS POSAS RD ,CA
 17:54:34 CR05 DSPINFO    8B11 *
```

*handwritten annotation:* 2 min 22 Sec

Printed for: SUP1/3261                                    Mon Jul 19 16:37:00 2004

```
18:11:12 CR04 ONSCENOK 8C1
18:11:54 CR05 DSPINFO  8C11   *
18:16:33 CR04 ONSCENE  8B11
18:31:47 CR04 ONSCENOK 8B11
19:02:50 CR05 CLEAR    8B11 RPT
  :09:09 CR05 CLEAR    8C11
  :09:09 CR05 CLOSE    8C11
```

```
OPERATOR ASSIGNMENTS:   CR04   2604   MICHAEL BAKER (CIT HNT)
                        CR05   2829   JOHN VOGEL (CIT)
        AS OF 07:09:34: CR05   4134   ANN CHUNG
                        CR02   4171   TAMI WEISS
                        CT09   3141   MARCI CHADICK
                        CT07   3132   LESTER TUNIGOLD
                        CR03   2579   LISA PFEIFFER
        AS OF 13:17:45: CR04   3141   MARCI CHADICK
        AS OF 13:19:45: CR04   4122   ANNETTE GARDNER
        AS OF 16:32:18: CR04   4097   ANDREA DEVERA
        AS OF 17:11:56: CT09   4122   ANNETTE GARDNER
```

Grant C. Rhodes CDC# V-60392

La Palma Correctional Center

5501 N. La Palma Rd.

Eloy AZ 85131


# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF VENTURA


| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA | Case No. 2004002176 |
| Plaintiff | **NOTICE OF MOTION AND MOTION FOR FULL DISCLOSURE DISCOVERY, MATERIAL IN THE POSSESSION OF THE PEOPLE OF THE STATE** |
| V. | **OF CALIFORNIA AND THE APPOINTMENT OF COUNSEL TO RE-OPEN CASE & PRODUCTION** |
| GRANT CHARLES RHODES | **OF EXCULPATORY EVIDENCE VENTURA SUPERIOR COURT DESTROYED. Penal code §** |
| Defendant | **1054 etc. Code Civ. Proc §§ 638-641 etc.** |

To the Honorable Judge McGee Trier of Fact

   I, Grant C. Rhodes, Hereby file this Notice of motion, Motion for discovery, Material in the possession of the people of The State of California, and Ventura County Sheriff's Department, and the production of Exculpatory Evidence the Court destroyed without notice, evidence former Ventura sheriff's detective Irvine is in possession of and will testify about as a witness. Penal Code § 1054 etc. and code of civil procedure §§ 638-641 etc. and the appointment of counsel for reviewing the file's & records  in the interest of justice.

   The purpose of this motion since Jackson V. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). Jackson Held that the Due Process Clause Forbids a Conviction when "No Rational Trier of Fact could have found proof of Guilt beyond a reasonable doubt" 443 U.S. at 324, 99 S.Ct. 2781.

1

Newly discovered evidence information that was not used to assist the petitioner, information

that the Ventura County Sheriff's Department, and Prosecution and former Ventura Detective Irvine are

withholding and concealing which could have helped in making a better decision since the petitioner has

maintained innocence of the alleged charge. Therefore this evidence is needed in the filing of and

preparation for evidentiary hearing and or writ of habeas corpus.

It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a

denial of due process Cole V. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514,517, 92 I.Ed. 644; Presnell V.

Georgia, 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed. 2d 207. These standards no more reflect a broader premise

that has never been doubted in our constitutional system: that a person cannot incur loss of liberty for

an offence without notice and meaningful opportunity to defend. E.G Hovey V. Elliott, 167 U.S. 409, 416-

420,  17 S.Ct 841, 844-846, 42 L. Ed. 215. Here CDA Farley only made one visit to Defendant before trial

In June 18 of 2004; the district attorney furnished discovery after that date purportedly in  Aug of 2004,

likely on the eve of trial and Defense counsel failed to investigate or notify the defendant of Exculpatory

evidence in possession of district attorney and high probability the D.A. office failed to investigate

either; there is availability if 3 Ventura county sheriff's department dispatch officers availability to testify

against officer Crone & officer Alvarez version of Events of an Alleged Assault with a firearm is not

possible. It is necessary for full disclosure discovery to determine the date of exchange of exculpatory

evidence between the D.A. and defense counsel so I can demonstrate to this court beyond all

reasonable doubt, Defense counsel was ineffective for Failing to notify the defendant and the court the

District attorney is in possession of exculpatory evidence and potential Witnesses to exculpate the

defendant. For ethical purposes it is necessary for full disclosure of D.A Case files, as well they are

ethically bound not to prosecute a case when there is reasonable evidence in their possession that

exculpates the defendant, it is necessary to see if Defense counsel or the D.A. office Conducted any

investigation into the exculpatory records contained in the District attorneys files.  I am asking for

2

counsel to produce evidence and witnesses based on records contained in Governmental files and

agencies, both Prosecution and defense counsel were ethically bound to give the trier of fact sufficient

evidence to make a reasonable determination based on sufficient evidence FACTS, not just testimony of

witnesses. Meaningful opportunity to defend, if not the right to a trial itself, presumes as well that a

total want of evidence to support a charge will conclude a case in favor of the accused. Accordingly, it

held in the Thompson case that a record wholly devoid of any relevant evidence of a crucial element of

the offence charged is constitutionally infirm. See also: Vachon V. New Hampshire, 414 U.S. 478, 94 S.Ct.

664, 38 L.ED. 2d 666; Adderley V. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed. 2d 149; Gregory V. Chicago,

394 U.S 111, 89 S.Ct. 946, 22 L.Ed. 2d 134; Douglas V. Buder, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed. 2d 52.

The "No evidence" Doctrine of Thompson V. Louisville thus secures to an accused the most essential

element of due process rights: Freedom from a wholly arbitrary deprivation of liberty. Here honorable

trier of fact judge McGee articulated rendering his verdict he could not believe defense witness because

she witnessed officer crone drive defendants face into concrete patio and officer crone call code three,

direct opposite of findings officer crone had defendant in a bear hug preventing an assault, and he heard

Officer Alvarez call code three when he had both arms around defendant. It is not unreasonable to have

defense counsel appointed to obtain poster board exhibits for the Trier of fact to View the booking

photos of Defendant and see the scratches on nose and abrasions on face from defendants face in the

concrete, in addition to calling three Ventura sheriffs dispatch officers to testify officer Crone Called

Code three. The district attorney likely has additional officers documenting injuries to defendant and full

disclosure of case files is only reasonable to produce additional new witnesses. This played such a

substantial role in the guilt determination and fact finding process, as Judge McGee articulated; it is only

fair and reasonable for the trier of fact to be allowed to make a proper determination based on facts

and tangible evidence and not on testimony alone.

3

I have been in the process of removing the state imposed impediment that is preventing me from

filling a successful habeas corpus. This impediment is caused by the people of the state of California who

are withholding exculpatory evidence and potential witnesses from this honorable court. It is necessary

that this honorable court appoint counsel to remove the state imposed impediment by the Ventura

county Sheriff's Department and the people of the state of California, in an abundance of caution and the

high probability that this will demonstrate my innocence beyond all reasonable doubt I implore this

honorable court to grant this motion in the Interest of Justice. No reasonable trier of fact would have

found the defendant guilty if all three witnesses, Officer Crone, the defendant and Ms. Rhodes testified

officer crone tackled the defendant .At this point the trier of fact has not heard Officer Crone's prior

testimony that he tackled the defendant in addition to viewing the Booking photos of the injuries.

Honorable Judge McGee articulated this was a critical pivotal role in determining guilt therefore it is

pertinent to appoint counsel to recall prosecution's key witness testimony to testify again he tackled the

defendant, not the bear hug preventing an assault the honorable trier of fact rendered a verdict on.

There is a reasonable probability The District attorney's office is withholding exculpatory evidence and

witness access to full disclosure discovery is necessary to establish my innocence. Prosecution has an

ethical duty not to imprison  innocent people if they have direct evidence in contradiction to what they

are going to use to convict, prosecution as well as defense counsel is required to investigate and full

disclosure will determine what investigation **if any** D.A. Dresher and D.A. Schwartz conducted.

## STATEMENT OF CASE STATE IMPOSED IMPEDIMENTS

1. I had been pursuing records from Government Agencies and denied (exhibit A)

2. I filed public records act request Nov 5, 2015 with the Ventura County Sheriff's Department. November 16, 2015. I was provided exculpatory evidence, booking photographs showing scratches on my nose and face from my face being pushed into a concrete patio. in addition to Ventura County Jail,  Visitor history from: Jan 18, 2004-december 8, 2004. (See Exhibit B). Ventura police only provided one side angle booking photos , they refused to provide the complete 3 Booking photos face forward and two side profiles, & they refused to answer on policy how height, weight, and DOB are determined. Counsel will be able to obtain this info. Once counsel obtains additional requested records required to be available under public record act, this will further prove Accused rapist Former Ventura detective Irvine deliberate (obstruction of justice) withholding evidence from defense and the court. This is not a fishing expedition, I require records for my exoneration this is my life not a game!

3. The records produced November 16, 2015 reflect CDA James Farley only had one Attorney Visit before trial dated 6-18-2004. The District attorney purportedly furnished the pretrial discovery after this date as police dispatch records are dated  July 19 2004, records CDA James Farley failed to notify me or the court were available to demonstrate my innocence.

4. December 11, 2015 District Attorney denied my public records Act request, failed to provide D.A. case file the pretrial discovery and the dates upon which CDA Farley signed and received this evidence. All pertinent to my claim. (See Exhibit C)

5. Ventura police fail to give public information police dispatch instruction manuals and names of officers (See Exhibit D).

6. Youngblood & Brady violation Destruction of exculpatory evidence by Ventura superior court, "The police officer marked defense exhibits photographs of the Crime scene exactly where defendant was standing, making it police evidence, in evidence of the court which must be the safest place imaginable" . In 2008 at conclusion of second appeal Supreme Court Granted Judicial notice I was not provided copies of Trial exhibits, as is normal procedure on appeal. I obtained copies of the exhibits, which show officer crone marked the (defense Trial exhibit J) as defendant standing on a 14" tall planter, thus impeaching level ground reenactment of assault the verdict was rendered on. I filed three motions requesting the trial exhibits be

5

enlarged to show clear and convincing evidence of the planter and officer Crones Marks on the defense exhibit. The honorable Trier of fact judge McGee said I can ask the reviewing court take judicial notice of the original item in evidence. I discovered 12/23/2015 that I never received the By LAW Notice of destruction of evidence,            (see exhibit E). I now require counsel to remove the state imposed impediment, the field of law is so complex that I as a layman do not know the procedure for re-submitting copies of the trial exhibits Ventura superior court destroyed without notice. Since these exhibits were destroyed I have to have them re-submitted to the trial court again so the honorable judge McGee can take judicial notice of the existence of material exculpatory evidence hidden in the trial exhibits. These must be resubmitted in the trial court so petitioner can take an appeal or habeas corpus if an evidentiary hearing does not dismiss all charges. Counsel is needed to resubmit the Destroyed Evidence in the Trial court so the Petitioner will not be prejudiced at an evidentiary hearing or on habeas corpus.

7. District attorneys full pre-trial disclosure will likely lead to new witnesses to exonerate the defendant.

I do not have access to the attorney files of the District attorney, and James Farley is deceased. It is necessary that Diligent counsel be appointed to remove the state appointed impediment by the district attorney & police, retrieve the files, scour the documents for exculpatory evidence, names dates and Potential New Evidence and New witnesses that should have been available had it not been for CDA James Farley ineffective Counsel failing to Notify the Court or Myself that the district attorney is in possession of exculpatory evidence. Make preparations for evidentiary hearing with Trier of Fact.

## FACTS IN SUPPORT OF PETITIONERS MOTION

I declare under penalty of perjury and on notarized affidavit, I am the petitioner to this matter, that I am confined from liberty at La Palma Correctional center, AZ, 85131 as a result of the judgment of the Superior Court of Ventura on or about December 8, 2004 in the above case no. 2004002176. I am

6

indigent and unable to afford counsel. I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required.

If no reasonable Trier of Fact could have found the defendant guilty and evidence is available to undermine the conviction is in the possession of governmental agencies then the conviction cannot stand and the Evidence and witnesses must be produced, and appointment of counsel to remove the state imposed impediment.

Here Honorable Trier of Fact articulated RT 405-406 "The court is not persuaded by Ms. Rhodes testimony as to the sequence of events at the home for a variety of reasons................Mrs. Rhodes testimony was that the struggle had begun on the concrete patio, that Grants' face was being driven into the concrete by deputy Crone while this was ongoing and Deputy Crone then Picked him up and somehow got him into the family room."

Here Officer Crone must come forward and Testify to the trier of fact He tackled the defendant pushed his face into the patio and called code three. The key witness must recall his testimony for the trier of fact and appointed counsel must remove the state imposed impediment and have multiple Ventura Dispatch officers testify and verify officer crone called code 3. This will establish my innocence beyond doubt.

1.

November 16, 2015 Ventura Sheriff's department produced Booking photographs showing I sustained scratches on my nose and face from Officer Crone tackling me and pushing my face into the concrete patio as my mother witnessed; not the bear hug preventing an assault that the court found true.  Further I demand Officer Crone to come forward and recall his pre-trial testimony. And testify to the Honorable Trier of Fact he "Basically tackled him for lack of better term". Pre- trial P.D. defense counsel was not the same as trial counsel CDA Farley.

7

Once this honorable Trier of fact appoints counsel, The booking photographs can be made into Poster Board sized exhibits to demonstrate my face was in the concrete and I was not in a bear hug as officer Crones trial testimony and my New Counsel will have officer Crone testify for this Court he Tackled me by way of recalling his pre Trial testimony that is on record . The state imposed impediment must be removed and counsel appointed to obtain sufficient evidence.

Further the Booking photos declare my weight was 200lbs and I was born 7/3/1981. At my arrest my date of birth was still 7/30/81 and my weight was 168 Lbs. the day after my arrest. This is pertinent to show the caliber of the witness officer crone as well the D.A. told him I was a very large individual 200 lbs. and Officer Crone Testified I was 200 plus pounds. The D.A. prejudiced closing arguments said I was a large 200 pound individual, how could Ms. Rhodes control her son. "One story is the truth and the other is not the truth the testimony of the officers and Mrs. Rhodes is irreconcilable." Mr. Farley had my medical records for a "psychiatric defense" I had no knowledge he was going for and that The Trier of Fact did not believe "Psychotic Break" Dr. Jung testimony, Defense counsel clearly failed miserably at that defense as the court states on record.  Hidden in the trial exhibits of my medical records are my weight charts I was under 170 lbs. The record needs to be corrected at an Evidentiary hearing because the closing arguments were prejudiced with misrepresented "facts" by the people. This honorable Court Destroyed Defense exhibits / medical records without Notice of destruction of evidence, Counsel is required to obtain this evidence the Superior court Destroyed in order to impeach the credibility of officer Crones testimony.

2.

I am aware Ventura County District Attorney is in possession of exculpatory evidence Police Dispatch report Incident history detail: S040180137 printed for SUP1/3261, this was printed Mon July 19

8

at 16:37:00 2004. The D.A. furnished this to CDA Farley after that date, I require access to the D.A. Case Files through counsel to determine the date of exchange. CDA Farley never informed the court or myself of the availability of scientific evidence to demonstrate my innocence and three police officers to testify on my behalf that I never assaulted officer crone because officer crone tackled me as he testified in pretrial and called code three for back up when my face was down on the patio.

I require counsel to review the district attorney case files, determine the date of exchange between CDA Farley and D.A. prepare papers to file for a New Trial or evidentiary hearing once it is determined counsel was ineffective in preparing a defense or notifying the court or defendant of the availability of exculpatory evidence in the possession of the D.A. Office, Mr. Farley only had one Attorney visit before trial June 18, 2004 well before the D.A. had access to exculpatory evidence from the Ventura County Sheriff's department. The district attorney office denied me access to the exculpatory evidence in their files and the dates of exchange between CDA Farley and the D.A. Office evidence necessary to demonstrate my ineffective assistance of counsel claim. I must be allowed to demonstrate Defense counsel never came to notify me of exculpatory evidence after evidence of innocence and availability of three Ventura Police Dispatch officers to testify against officer crones Version of Bear Hug Preventing an assault with a fire arm the . the date of exchanged evidence between the D.A. office and defense counsel .Decision of this case requires us to again consider " what might loosely be called the area of constitutionally guaranteed access to evidence" United states V. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, m3446, 73 L.Ed. 2d 1193 (1982). In Brady V. Maryland, 373 U.S. 83, 83 s.ct., 1194, 10 L.Ed. 2d 215 (1963), we held that" the suppression by the prosecution of evidence favorable to the accused upon request  violates due process where the evidence is material either to guilt or punishment, irrespective of good faith or bad faith of the prosecution" id., at 87, 83 s. ct., at 1196. Here the request for date of exchange evidence between defense counsel and D.A. office and pretrial discovery is not unreasonable CDA Farley only visited

9

defendant once before trial June 18, 2004; The police dispatch records were printed July 19, 2004 it is pertinent to my claim to demonstrate my counsel failed to investigate and notify defendant of exculpatory evidence and witnesses. It is necessary that counsel be appointed to remove this state imposed impediment preventing me from obtaining an evidentiary hearing and or filing of a successive and successful habeas corpus. I am being severely prejudiced from demonstrating my innocence by the actions of the District attorney's office my due process rights can only be safeguarded by the appointment of counsel. In United states V. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1972) held the prosecution had a duty to disclose some evidence of this description even though no requests were made for it, but at the same time rejected the notion that a "prosecutor has a constitutional duty to routinely deliver his entire file to defense counsel Id at 111, 96 S.Ct at 2401. Here I removed the state imposed impediment by the Ventura sheriff's department by freedom of information Act and Sunshine laws, showing my attorney only had one visit to discuss the case and defense with defendant. This was well before the existence of potential Exculpatory evidence and witnesses contained in the records in D.A. Case files. Appointed counsel could protect my due process rights discover the date of exchange of evidence, and obtain the full disclosure pretrial discovery that was furnished to my Defense Counsel. This may lead to additional exculpatory evidence and witnesses and may be why the D.A. is refusing to furnish records they previously furnished and the dates of exchange.

The D.A. office failed to act on my freedom of information Act request and Sunshine Law and this has created a state imposed impediment only the appointment of counsel can remove to gain access to the evidence contained in the district attorney's office. There is a state imposed impediment that can be removed once counsel is appointed.  December 9, 2015 Ventura County Sheriff's Department denied my public records request (See Exhibit D). I am aware police dispatch has an operation Manuel with the evidence I am seeking, as well as the names of Expert police dispatch operators. Further Counsel will be able to issue Subpoenas for this Court hear the testimony from three

10

Ventura police Dispatch officers to determine if CDA Farley was ineffective counsel withholding exculpatory evidence from the Trial Court and Defendant. Due Process Clause of the fourteenth amendment. This evidence contained in police manuals will be technological exculpatory evidence (488 U.S. 71) and will lead to New Non Bias Ventura sheriff's department officer's testimony on this technology as experts, focusing on the type of evidence solves this problem. A court will be able to consider the type of evidence and the available technology, as well as the circumstances of the case, to determine the likelihood that the evidence might have proved to be exculpatory, here the dispatch operation manual discussing the technology is not destroyed but being withheld by the state imposed impediment Ventura County Sheriff's Department. This requested evidence is without equivalent in this case and bears directly on the question of innocence or guilt United States V. Aguars, 427 U.S., at 113-114, 96 S.Ct., at 2402-2403.

New witnesses Ventura County Police Dispatch operators who took Officer Crones Badge Number to correlate to his frequency for the day, and logged his call Code three request for back up. These Ventura County Dispatch officers are Jon Vogel (CIT), Ann Chung, and Lisa Pfeiffer. These Dispatch officers will verify that Frequency and time stamp and dispatcher stamp is automatic entered scientific and not subject to human error. This is going to impeach both officer crones and Officer Alvarez version of the assault by proving officer Crone Called Code three, this court has to ask how officer crone could call code 3 if he had both arms around the defendant as he reported and testified he was preventing an assault. These Ventura County sheriffs dispatch officers have expert testimony that is necessary for the trier of Fact Honorable Judge McGee to make a reasonable determination of facts.

This honorable Trier of fact explicitly stated while rendering the verdict page 406 "The court does find the event occurred just as deputy crone described". If three Ventura police officers come forward and testify officer crone Called code three and he could not of had both arms around the defendant preventing an Assault when the call came in. this would verify he would have had to take one

11

hand to radio in on officer crones belt or shoulder radio this is evidence that undermines the conviction

from New witnesses police dispatch operators evidence this Honorable Trier of fact is necessary to

evaluate and determine the credibility of the Non bias Ventura Police Officers dispatch operators  and

the evidence and expert testimony they have necessary to make a ruling based on Fact; and the Court

has heard the testimony of Ms. Rhodes that officer crone threw the defendant on the patio pushed his

face in the concrete, and that she witnessed officer crone call code 3. That would make 4 witnesses with

relevant evidence that officer crone called code 3. Revealing it is impossible scenario that Officer Alvarez

called code 3 for back up when he had a visual of officer crone with both arms around defendant

allegedly preventing an assault.

3.

I filed three motions to enlarge the exhibits to produce sufficient evidence. The Trier of Fact

informed me to request the reviewing court Take Judicial Notice of the original items of evidence on

habeas corpus. California V. Trombetta, 467 U.S 479,489,104 S.Ct. 2528, 81 L.Ed. 2d 413 (1984), the

supreme Court held that where the government fails to preserve evidence that is potentially

exculpatory, the right to due process is violated only if it possesses" an exculpatory value  that was

apparent before the evidence was destroyed, and is of such a nature that the defendant would be

unable to obtain comparable evidence by other reasonably available means." I was seeking enlargement

of the "Crime Scene to demonstrate exculpatory evidence clearly, and show Police officers evidence on

defense exhibit of crime scene potential exculpatory value." Unbeknownst to me the court destroyed

these exhibits within 30 days of the request for evidence. Youngblood V. Arizona 488 U.S. 1051, 109 S.Ct

. 855  Failure to preserve potentially useful evidence require a defendant to show bad faith in the

obligation to preserve evidence to reasonable bounds and confines it to the classes of casas where

interest of justice most clearly require it, that is, those cases in which the evidence could form a basis for

exonerating the defendant. U.S.C.A. const. amend 14. Here I filed 3 motions to enlarge exhibits of crime

12

scene and officers marks on defense exhibit; within 30 days the original items in evidence were

destroyed.  Trombettas initial discussion focused on the due process requirement" that criminal

defendants be afforded a meaningful opportunity to present a complete defense" 467 U.S., at 485, 104

S.Ct., at 2532, and then noted that the delivery of exculpatory evidence to the defendant "protects the

innocent from erroneous(488 U.S. 65) conviction and ensures the integrity of our criminal justice

system" here the Police officers marks on the defense exhibits of the crime scene were in evidence at

the courthouse not deteriorated, until the Superior court destroyed the Original requested items in

evidence without any by law required notice of disposition of exhibits.  488 U.S.. at 58; U.S. v Booth, 309

F.3d 566,574(9th Cir 2002),Cooper V. Calderon, 255 F.3d 1104,1113-14 (9thCir 2001). Reed V. Cate 2009

U.S. Dist Lex 10 126808 Dec &, 2009 Opinion.

The Court Minutes reflect a notice of proposed disposition of exhibits. I acquired new evidence

Legal Mail Log 12/23/2015, from the Facility I Was incarcerated at the time the notice of destruction of

evidence was sent: Showing I never received the By Law Right Notice of destruction of Exhibits I was

seeking enlargement of which contain material exculpatory evidence (See Exhibit E ).Fourteenth

amendment due process clause "fundamental Fairness" requirement. Lisenba V. California, 314 U.S.

219, 236, 62 S.Ct. 280, 289, 86 L.Ed 166 (1941). As imposing on the police an undifferentiated and

absolute duty to retain and to preserve all material evidence that might be of evidentiary significance in

a particular prosecution. I was requesting Brady evidence from the Ventura Superior Court, enlargement

of Defense exhibits of the Crime Scene, one defense exhibit had prosecution evidence contained in it;

Officer Crone marked the defense exhibits of the crime scene "Exculpatory evidence" I sought and

offered to pay for sufficient evidence to pursue my claim in three motions. This evidence was everything

Police, prosecution, and Defense, the one place you would think the evidence would be safe is in

evidence at the court. It is still unclear as to what Judge authorized the disposition of exhibits and

destroyed the evidence I was seeking in multiple motions just 30 days before the destruction of exhibits

13

as my legal mail log 12/23/2015 reflects that I never received the by law notice of disposition of exhibits. This potential exculpatory evidence destroyed without my knowledge has caused further prejudice in my efforts to develop my claim of actual innocence.

Alas, I have a way to produce another first hand New Witness a Formerly Accused Rapist EX-Ventura Detective Greg Irvine who photographed (Trial defense exhibit K). This former Ventura Detective assisted CDA Farley and Officer Crone in the Level Ground reenactment of an assault on September 3, 2004 in front of the honorable trier of fact judge McGee. Here Honorable Trier of Fact articulated (RT406) "The court does find the event occurred just as deputy crone described" this being a level ground assault with the defendant 2-3 feet behind a patio wall.

Accused Rapist Ex-Detective for Ventura County Sheriff's department is well aware of how to investigate a Crime scene he was a former detective. Days after participating in level ground Reenactment day one of trial sept 3, 2004 CDA Farley then sent Defense investigator Greg Irvine out to photograph the patio "Crime Scene", Sept 6, 2004. CDA Farley's investigator Irvine did photograph (trial Defense exhibit K). In America most attorneys Investigate and photograph the "Crime Scene" before trial not during the trial process and days after the officer had already caused the damage of testifying and re-enacting a level ground assault. Investigator Greg Irvine Former Ventura Sheriff's detective took the photograph September 6, 2004, obstructing view of the 14" tall Planter that is 20 inches from the patio door. There was sufficient material evidence available to undermine the conviction demonstrating to the Trier of Fact had My Counsel Investigated Before trial the 14" tall planter could have been introduced to demonstrate the defendant had to turn to step down from the 14" tall planter, thereby giving the defendant a meaningful and meritorious defense based on material evidence the actual "Crime Scene". This impeaches D.A. Dresher General Intent the turning pivoting on level ground "willful act" turning to raise a gun showing the willingness of the conduct. 443 U.S. 316 as an essential of the due process guarantee by the fourteenth amendment that no person shall be made to suffer the onus of

a criminal conviction except upon sufficient Proof- defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense. The constitution prohibits the criminal conviction of any person except upon proof sufficient to convince the trier of fact of guilt beyond a reasonable doubt. Cf. Ante, at 2784. This rule has prevailed in our courts "at least from our early years as a nation." In Re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368, here it is necessary to resubmit at an evidentiary hearing to the trial court and trial record, the Copies of the destroyed trial exhibits. The trier of fact believes the Vicious Brazen level ground attack reenacted by former Ventura Detective Accused Rapist investigator Irvine "DEFENSE INVESTIGATOR", Officer Crone and CDA Farley,  was Materially plausible and moreover articulated "The court does find the event occurred just as deputy crone described" with defendant 2-3 feet behind patio wall,   when the verdict was rendered.

Appointed Counsel can remove the state imposed impediment "Superior Court Destruction of evidence exhibits without notice" & will be able to obtain the digital photo from this former Ventura Detective Irvine and make a poster board sized picture of the 14' tall planter not a pocket sized photos 3"x5" and 5"X 7" trial exhibits, in addition to preparing the Certified Copies of the exhibits for resubmission so the reviewing court can take judicial notice of the evidence as honorable judge McGee stated was the procedure. Mr. Irvine Must testify as a First hand witness to Evidence of this planter and that He Obstructed Evidence from the Court, my counsel, and the District attorney's office.  Due to my incarceration, I have No way to obtain this evidence and since the Court destroyed the original evidence without notice to the defendant seeking the evidence it is only in the interest of justice that counsel Be appointed to Obtain and prepare the evidence and prior submitted trial exhibits Exculpatory evidence for an evidentiary hearing. Moreover Officer Crone Marked a (Defense Trial Exhibit J), the Trier of Fact witnessed this can will be able to verify the certified copy of exhibit marked by officer Crone Placing the Defendant and his mother on the 14" tall planter impeaching evidence and testimony the honorable

15

Trier of Fact Rendered his verdict on. New Witness Former Ventura Detective accused rapist defense

investigator must verify and testify Officer Crone's marks on (Defense trial exhibit J). Former Detective

Accused Rapist CDA investigator  cannot be located and this will require counsel to move for this new

witness to Come Forward and testify as to why he obstructed Justice, withholding evidence from the

Court and Defense Counsel in addition to testifying as to his competency as a former Ventura Sheriff's

detective with his crime scene investigation skills. Since the exhibits were destroyed without my

knowledge I implore this court in the interest of Justice to appoint counsel to produce sufficient

evidence and locate this witness that was allegedly a Defense investigator but really was an accused

rapist Former Ventura sheriff's Detective, a direct conflict of interest.

     Evidentiary hearing is required because "No Rational Trier of fact would have found the

defendant Guilty beyond a reasonable doubt"

- The court destroyed the trial exhibits when defendant was seeking enlargement and production of sufficient material exculpatory evidence contained in government records.
- An former Ventura sheriff's detective " alleged defense investigator" is a firsthand witness reenacting a level ground assault September 3, 2004; then September 6, 2004 photographed the patio discovered a 14" tall planter where the alleged assault occurred, failed to testify the reenacted crime he participated in was not accurate or materially possible from an opinion as a former Detective. Instead defense counsel failure to investigate "Crime Scene" before trial has caused this obstructed evidence from Defense Counsel, court, prosecution. This Former Ventura detective Irvine Will view the Exhibits The Court Destroyed and testify officer crones marks place the defendant standing on a 14 inch tall planter.
- Certified copies of the exhibits Ventura superior court destroyed without notice are available for re-submission, and New Reenactment with the material evidence contained in the exhibits. This is not an unreasonable request for appointed counsel to re-submit trial exhibits in the trial court to make a reasonable determination of facts to establish if there is sufficient evidence to sustain a conviction beyond reasonable doubt.

16

## Statements of trier of fact honorable judge McGee (EXHIBIT F)

- Could not believe Ms. Rhodes testimony because, struggle began on the concrete patio.
- 14 Inch tall planter is 20 inches from patio door, the struggle had to begin on the patio based on material evidence contained in photographic trial exhibits of "crime scene".
- Trier of fact believed officer crone stepped onto the patio, defendant was 2-3 feet away behind the wall, officer crone lunged in bear hugged defendant preventing an assault and defendant and officer crone were chest to chest. There is no rational trier of fact in the world who would believe that this chest to chest bear hug would be possible with the defendant being on the 14" tall planter. It is materially not possible unless officer crone was 14 inches taller than the defendant. This is a quintessential element why the Trier of fact must witness officer Crone, and Former Ventura Detective Irvine Conduct another reenactment at an Evidentiary hearing using the Material evidence contained in the Trial Exhibits the Court Destroyed without notice a 4 foot by 6 foot by 14 inch tall planter that is only 20 inches from the patio door. Since the Honorable trier of fact rendered his verdict based on the defendant being 2-3 feet behind the patio wall as Officer Crone and Alvaraz police reports, testimony, and marks on defense exhibits all place the defendant upon the 14 inch tall planter.

The trier of fact had no knowledge of the planter or the height of the planter which was hidden in the Defense exhibits since police, prosecution, and defense counsel failed to Photograph and measure the Patio "crime scene" as is policy for any serious major crime. This requires a firsthand witness and trial participant Former Ventura detective Irvine "Defense Investigator" to come forward and reenact the crime scene and offer testimony. I require counsel to subpoena this witness and resubmit the copies of destroyed exhibits to verify officer crone marked the defense exhibit placing the defendant on the 14" tall planter. This has to be resubmitted in the trial court at an evidentiary hearing for any reviewing court to take judicial notice of facts in evidence in any further litigation.

I am preparing a Rico suit against Officer Crone, Officer Alvarez and major crimes detective Brian Silva who was notified of the Assault but never responded. I was entitled to an investigation by police, prosecution, defense counsel, somebody anybody. How is it an unreasonable request for counsel, to re-

17

submit the destroyed exhibits, call a new witness trial participant former detective Irvine for another re-

enactment? Should I not be allowed to demonstrate my innocence beyond all reasonable doubt?

The former detective Irvine Photographing the patio sept 6, 2004 days after the harm caused by

his September 3, 2004 level ground reenactment has caused the evidence of the planter to be hidden

and obstructed. This has caused irreparable harm to the fact finding and guilt determination process and

verifies defense counsel failed to conduct a reasonable investigation to prepare a defense. This should

raise red flag to this court why a "Major Crime" has no investigation photos from police or prosecution.

A person cannot incur the loss of liberty for an offense without notice and meaningful

opportunity to defend; meaningful opportunity to defend, if not the right to a trial itself, presumes well

that a total want of evidence to support a charge will conclude the case in favor of the accused U.S.C.A

const amend 14.

4.

I am going to take civil action against Mr. Crawford My insurance "full coverage" paid all his

damages and mine. This is on record his own words his claim was settled and he was compensated. Had

it not been for my CDA Farley asking Mr. Crawford if he felt like he got "ripped off" then I would not

have owed any of the $1700 restitution. I require from the District attorney any claims, receipts, bills for

damages etc. in the case files. The District attorney called Mr. Crawford as a character witness alcohol

drug counselor, there was no financial dispute to my knowledge. This also demonstrates a pattern of

behavior my Counsels ineffective actions directly harming me. I filed motions to dismiss restitution, CDA

asked on appeal etc. I have been starved for 12 years, I refuse to pay anyone 1 cent of restitution

willingly for all the harm caused to me in this case.

18

The people of the state of California clearly inform me I am not entitled to access to the district attorneys files as public records act and Sunshine laws, so in the interest of justice it is necessary that I be provided counsel to obtain the Complete District attorney files full disclosure.

## Conclusion

Youngblood 109 S.Ct. 885 (FN2) Aguars court went on to note that the standard to be applied in considering the harm suffered by the defendant was different than the standard applied when New evidence is discovered by a neutral source after trial. **The prosecutor is "the 'servant of the Law, the twofold aim of which is that guilt shall not escape or innocence suffer.'"** 427 U.S., at111, 96 S.Ct., at 2401, quoting Berger V. United states, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935) **holding the prosecution to a higher standard is necessary, least the special significance to the prosecutors obligation to serve the cause of justice" be lost** 427 U.S., at 111, 96 S.Ct., at 2401.

It still remains an "a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free." In re winship, 397 U.S. 358, 372, 90 S.Ct. 1068, 1076, 25 L.Ed. 2d 368 (1970).

## PRAYER FOR RELIEF

Wherefore, Good cause existed for the court should grant the motion as follows:

1. Declare defendant's / petitioners rights.

2. Appoint a public defender for him to obtain hidden documents and evidence, from governmental agencies, and review all documents.

3. Grant petitioner an order for transportation for personal appearance to be present at evidentiary hearing, where appointed counsel will produce new evidence to the Trier of fact Honorable judge McGee. Evidence in possession of governmental agencies and Government witnesses necessary for the court to make a decision based on Factual evidence that will establish the innocence of the defendant beyond all reasonable doubt. Evidence Honorable Judge McGee articulated played a serious role in guilt determination fact finding process.

4. Appointed Counsel will be able to remove the state imposed impediment preventing defendant from establishing innocence beyond reasonable doubt, prepare Subpoenas for the following Facts to be presented to establish innocence and witnesses to testify.

   A. Ventura County Dispatch officers are Jon Vogel (CIT).

   B. Ventura County Dispatch officers  Ann Chung

   C. Ventura County Dispatch officers Lisa Pfeiffer Three new Ventura Sheriff's Department Dispatch officers will be subpoenaed testify officer Crone Called Code 3.

   D.     Officer Crone Must be recall his pre-trial testimony that he tackled the defendant.

   E.  Former Ventura Sheriff's Department Detective Irvine will be subpoenaed to testify about new evidence he withheld from the court and CDA Farley in a new reenactment.

   F. Production of Exculpatory Evidence the Superior Court of Ventura Destroyed without the required by law Notice. " Trombetta Youngblood & Brady".

22

5.   Sufficient Material, Scientific testimonial evidence to For the Honorable Trier of Fact to Make a Proper Determination of facts in opposition to the Previous Articulations why the verdict was rendered.

6.   $750.00 fixed for a defense investigator to make photographs and measurements of patio "Crime scene" evidence necessary for the Trier of Fact to make a proper determination of facts, since Police, Prosecution, and defense failed to conduct a reasonable investigation. Enlargement of booking photographs held by Ventura Sheriff's department. This is necessary for the court to make a reasonable determination of facts, in the interest of justice.

7.   Proverbs 22:22.

8.   D.A. Dresher & D.A. Schwartz State Bar No. since Schwartz is barely responding to 2013 letters. I believe that no investigations ever took place by the D.A. office or defense for this matter.

9.   The case is complex and the extensive practice of motions subpoenas and preparation of records and evidence and government witnesses and evidence withheld from the Trier of Fact require the assistance of counsel.

10.  Preparation any additional exculpatory evidence and witness's evidence contained in district attorney discovery file, or attorney files full disclosure.

11.  Poster board size pictures of booking photo, showing injuries to my face scratches on nose.

12.  The Court order and Grant other and further relief that is just and proper in the interest of justice.

I, Grant C. Rhodes, Declare under penalty of perjury that the forgoing is true and correct under the Laws of the state of California. And this was Executed this 12th day of January 2016.

Respectfully,

Grant C. Rhodes.

**Affidavit**

I, Grant C. Rhodes do hereby declare as follows:

1) I am unable to afford counsel, when this court appoints Counsel to retrieve the District attorney case files that the District Attorney's office is withholding.

2) Counsel must be appointed to Obtain Poster board exhibits of Booking Photographs showing scratches on my nose and face from officer crone having my face on the concrete patio, specific Evidence articulated By the trier of fact rendering his verdict, that would be necessary to undermine the verdict and played a substantial role in the guilt and fact finding determination process.

3) I have maintained my innocence, and demonstrating my innocence is being obstructed by state agencies and state imposed impediments that appointed counsel could easily remove.

4) Unless counsel is appointed in order to obtain, review and prepare evidence in the possession of governmental agencies and former Ventura detectives evidence and testimony will be withheld from the Honorable trier of fact and the petitioner will be prevented from restoring life and liberty.

5) I am incarcerated and this is hindering and obstructing my access to the court and if my efforts to demonstrate my innocence beyond all reasonable doubt continue to be obstructed I am preserving the right to present facts to prove my innocence that are being withheld and destroyed deliberately.

6) Appointed counsel can obtain these records and subpoena New Witnesses with relevant information pertinent to the Fact finding and Guilt determination process the trier of Fact made substantial articulations on. This will be of little to no cost to Ventura Judicial system to appoint counsel establish my innocence, and this will trigger a speedy and justifiable exoneration.

7) Stay of Abeyance if I am forced to wait until my release to work to obtain counsel to demonstrate exculpatory records and evidence are being withheld from the Trier of Fact and the state imposed

24

impediment could have been removed and my inalienable rights to life and liberty restored simply

by appointing counsel to file the necessary papers to obtain the records from the governmental

agencies and additional restricted parties.

I declare under the penalty of perjury my life and liberty has been robbed by the fraudulent allegations

of the Ventura County sheriff's department employees and their conspiracy to imprison me on charges

of assault with a firearm on a police officer.  Unless counsel is appointed to obtain the exculpatory

evidence and testimony of New Witnesses, I will be illegally detained from liberty. This was executed

and Notarized this 12th day of January 2016.

Grant C. Rhodes

Pro Per

YOLANDA FERNANDEZ-CARR
Notary Public - Arizona
Pinal County
My Comm. Expires Aug 1, 2018

## POINTS AND AUTHORITY

**Penal code § 1054 etc. Code Civ. Proc. §§ 638-641 etc.**

Jackson V. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)

; 443 U.S. at 324, 99 S.Ct. 2781

Cole V. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514,517, 92 l.Ed. 644;

Presnell V. Georgia, 439 U.S. 14, 99 S.Ct. 235, 58 L.Ed. 2d 207

E.G Hovey V. Elliott, 167 U.S. 409, 416-420, 17 S.Ct 841, 844-846, 42 L. Ed. 215

See also: Vachon V. New Hampshire, 414 U.S. 478, 94 S.Ct. 664, 38 L.ED. 2d 666;

Adderley V. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed. 2d 149;

Gregory V. Chicago, 394 U.S 111, 89 S.Ct. 946, 22 L.Ed. 2d 134;

Douglas V. Buder, 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed. 2d 52.

United states V. Valenzuela-Bernal, 458 U.S. 858, 867, 102 S.Ct. 3440, m3446, 73 L.Ed. 2d 1193 (1982).

In Brady V. Maryland, 373 U.S. 83, 83 s.ct., 1194, 10 L.Ed. 2d 215 (1963) id., at 87, 83 s. ct., at 1196.

United states V. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1972 at 111, 96 S.Ct at 2401 .

Youngblood V. Arizona 488 U.S. 1051, 109 S.Ct . 855 .

Trombetta 467 U.S., at 485, 104 S.Ct., at 2532, and then noted that the delivery of exculpatory evidence to the defendant "protects the innocent from erroneous(488 U.S. 65) conviction and ensures the integrity of our criminal justice system"

U.S.C.A. Fourteenth amendment due process clause "fundamental Fairness" requirement.

Lisenba V. California, 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L.Ed 166 (1941)

443 U.S. 316 as an essential of the due process guarantee by the fourteenth amendment that no person shall be made to suffer the onus of a criminal conviction except upon sufficient Proof- defined as

20

evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense Cf. Ante, at 2784

In Re Winship, 397 U.S. 358, 361, 90 S.Ct. 1068, 1071, 25 L.Ed.2d 368 public records act and Sunshine laws.

427 U.S., at 111, 96 S.Ct., at 2401.

427 U.S., at111, 96 S.Ct., at 2401, quoting berger V. United states, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935)

Youngblood 109 S.ct. 885 (FN2)

United States V. Aguars, 427 U.S., at 113-114, 96 S.Ct., at 2402-2403.

(488 U.S. 71)

488 U.S.. at 58;

U.S. v Booth, 309 F.3d 566,574(9th Cir 2002)

,Cooper V. Calderon, 255 F.3d 1104,1113-14 (9thCir 2001).

Reed V. Cate 2009 U.S. Dist Lex 10 126808 Dec &, 2009 0pinion.

California V. Trombetta, 467 U.S 479,489,104 S.Ct. 2528, 81 L.Ed. 2d 413 (1984)

21

Proof of Service

I Grant C. Rhodes Do hereby declare as follows this document entitled:

**NOTICE OF MOTION AND MOTION FOR FULL DISCLOSURE DISCOVERY, MATERIAL IN THE POSSESSION OF THE PEOPLE OF THE STATE OF CALIFORNIA AND THE APPOINTMENT OF COUNSEL TO RE-OPEN CASE & PRODUCTION OF EXCULPATORY EVIDENCE VENTURA SUPERIOR COURT DESTROYED. Penal code § 1054 etc. Code Civ. Proc §§ 638-641 etc.**

*&*
*Request for Counsel Declaration of Indigency*

I sent through the United States post office via first class mail Priority mail from LaPalma Facility 5501

North LaPalma Rd Eloy AZ 85131 through the institutional legal mail service.

Addressed as follows:

Honorable Judge Mc Gee
Superior Court of Ventura
P.O Box6489
Ventura CA,    93006

District Attorney's office

800 south Victoria Ave, suite 314,

Ventura CA 93009-2730

I Grant C. Rhodes Do Hereby declare under the penalty of perjury and the laws of the great state of

California the forgoing is true and correct and this was executed this 12th day of January 2016

Rhod

Grant C. Rhodes

27



PRIORITY MAIL
POSTAGE REQUIRED

US POSTAGE PAID
$8.30

PRIORITY MAIL ®2-Day

C004

1022

Origin: 6900
Destination: 90012
3 lb 15.00 Oz
Mar 16 16
001804060-06

Expected Delivery Day: 03/21/2016

USPS TRACKING NUMBER

9505 5150 7296 6079 0098 03

UNITED STATES

UNITED STATES
POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Christopher Rhodes
1962 Mexico Drive
Camarillo, CA 93010

TO: Clerk of the Court
US District Court
Central District
of CA
312 N Spring St #G-8
Los Angeles CA 90012 -4793

FOR DOMESTIC AND INTERNATIONAL USE

Label 228, July 2013

PRIORITY MAIL

RECEIVED
CLERK, U.S. DISTRICT COURT
MAR 21 2016
CENTRAL DISTRICT OF CALIFORNIA
BY

PRIORITY MAIL
★ ★ ★ ★

PRIORITY
★ MAIL ★

DATE OF DELIVERY SPF

USPS TRACKING™ INC

INSURANCE INCLUDED

PICKUP AVAILABLE
• Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

TRACKED
INSURED

PRIORITY
★ MAIL ★

MAILING ENVELOPE

UNITED STATES