UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1989-PSG (PJW) | Date | April 11, 2016 |
|---|---|---|---|
| Title | *Grant Charles Rhodes v. Susan Pochter Stone, et. al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge | |
|---|---|---|
| Isabel Martinez | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   Order To Show Cause Why Case Should Not Be Dismissed at Screening Stage

   Before the Court is a civil rights complaint by Plaintiff, a prisoner at La Palma Correctional Center in Elroy, Arizona, against ten Ventura County employees and the Ventura County Superior Court, alleging that they played some role in impeding his efforts to overturn a criminal conviction for which he is now serving time in prison. After screening the complaint, the Court finds that Plaintiff has not and likely cannot state a 42 U.S.C. § 1983 cause of action against these Defendants but will allow him opportunity to explain why the case should not be dismissed with prejudice at this stage.

   The Court is required to screen *pro se* prisoner complaints and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In doing so, the Court considers the complaint and any exhibits attached to it. *See, e.g., Cooper v. Pickett*, 137 F.3d 616, 622-23 (9th Cir. 1997) . In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to him. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).

   To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated and the violation was committed by an individual acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

   In 2004, Plaintiff was convicted in Ventura County Superior Court of, among other things, assaulting a police officer with a firearm, being a felon in possession of a firearm, and resisting arrest. He was sentenced to 14 years in prison. Plaintiff appealed his conviction and it was affirmed. He then filed state and federal habeas corpus petitions, which were denied. He now brings this § 1983 claim, raising claims against various Ventura County employees and the Ventura County Superior Court for allegedly violating his rights during the appeals process. The essence of his suit is that Defendants have prevented him from establishing his innocence by withholding from him exculpatory evidence in their files. Such an action is specifically barred under the Supreme Court's landmark decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. In *Heck*, the Supreme Court established that a prisoner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1989-PSG (PJW) | Date | April 11, 2016 |
|---|---|---|---|
| Title | *Grant Charles Rhodes v. Susan Pochter Stone, et. al.* | | |

cannot bring a civil rights action which would necessarily imply the invalidity of his criminal conviction unless the conviction has been called into question. Plaintiff seeks to do exactly that. He points out in the Complaint, for example, that the evidence he seeks from Defendants "could potentially undermine the conviction." (Complaint at 15.) He seeks help from the Court to gain access to exculpatory evidence so that he can prove in the state court that his counsel was ineffective. (Complaint at 1.) In paragraph after paragraph he explains how the evidence he has obtained so far or hopes to obtain contradicts the evidence at trial and how it demonstrates the injustice of his conviction. For example, he complains that the government destroyed evidence that would have established his innocence. This claim in particular and Plaintiff's other claims in general are barred by *Heck*. 512 U.S. at 479, 490 (holding claim that government " 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence' " cannot be maintained under § 1983); *cf. Skinner v. Switzer*, 562 U.S. 521 (2011). Thus, all of Plaintiff's claims regarding the evidence and the alleged problems with it cannot go forward.

      Plaintiff is suing his appellate counsel, claiming that she was ineffective, failed to investigate, and prevented his access to exculpatory evidence. *Heck* bars this claim, too. *Adanandus v. King Cty. Pub. Def. Office*, 47 F. App'x 832 (9th Cir. 2002); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (explaining ineffective assistance of counsel claims are barred under *Heck*).

      Plaintiff sues police captain Robert Davidson for failing to turn over documents under the Freedom of Information Act ((("FOIA"). FOIA does not apply to state and local police. It only applies to federal agencies. *Thames v. Los Angeles Police Dept.*, 2008 WL 2641361, at *3 (C.D. Cal. Jun. 30, 2008) (*citing Moore v. United Kingdom*, 384 F.3d 1079, 1089 (9th Cir. 2004).

      Plaintiff sues Dispatch Officers Lisa Pfeiffer, John Vogel, and Ann Chung, claiming that they have expertise he needs to obtain access to the courts. There is obviously no constitutional requirement that these individuals provide expert testimony for Plaintiff.

      Plaintiff claims investigators were negligent in conducting the investigation. Negligence does not rise to the level of a civil rights violation. *Williams v. City of Albany*, 936 F.2d 1256, 1261 (11th Cir. 1991); *see also Lewis v. Sacramento County*, 98 F.3d 434, 440 (9th Cir. 1996) (holding that even "bare gross negligence" is not enough for a § 1983 violation).

      Finally, Plaintiff seeks an order requiring the Ventura County Superior Court to provide him with counsel to obtain evidence and to conduct an evidentiary hearing on new evidence he obtained through a FOIA request. The Court is not empowered or inclined to instruct the Superior Court to appoint counsel in that case, nor do Plaintiff's requests establish a civil rights violation.

      Though it appears to the Court that nothing Plaintiff can say or do can rectify the shortcomings in the Complaint, recognizing that Plaintiff is proceeding *pro se*, the Court will allow him an opportunity to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1989-PSG (PJW) | Date | April 11, 2016 |
|---|---|---|---|
| Title | *Grant Charles Rhodes v. Susan Pochter Stone, et. al.* | | |

explain why the complaint should not be dismissed with prejudice at this stage. Plaintiff has until April 29, 2016, to file his brief. Failure to timely abide by this Order will result in the dismissal of this action.

cc: all parties

S:\PJW\Cases-Civil Rights\RHODES 16-1989\MO Screening Order - OSC.wpd

: 00

Initials of Preparer   im